CAROLINE MATHEWS, administratrix, *vs.* EDWARD CARR.

Middlesex. March 31, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Joint Tortfeasors. Release. Pension. Police. Negligence,* In use of way, Contributory, Motor vehicle. *Evidence,* Competency.

At the trial of an action of tort by an administrator against the operator of an automobile for negligence in striking and causing the conscious suffering and death of the plaintiff's intestate, a special police officer of a town on traffic duty at the corner of two streets, there was no claim of negligence on the part of the town. Subject to the defendant's exception, the trial judge excluded a release executed by the plaintiff, whereby he acknowledged receipt of a certain sum paid to him under G. L. c. 32, § 87, by vote of the town and discharged the town of any claim or demand against it. *Held,* that

(1) The plaintiff had had no cause of action against the town, and the payment to him by it was in the nature of a gratuity rather than a payment in satisfaction of a possible liability;

(2) The defendant and the town were not joint tortfeasors, nor did the payment of the money to the plaintiff make applicable the principles of law relative to joint tortfeasors;

(3) The release properly was excluded.

There was evidence at the trial above described that the accident happened at dusk on a summer evening in 1921, at a time when there was considerable traffic; that the officer was standing in the center of the car tracks in one street opposite and facing the second street; that he was dressed in a blue uniform with white gloves; that the defendant's automobile approached the corner on the tracks in the first street at a speed of twenty-five to forty miles an hour; that its lights were lit; that, when it was about three hundred feet from the corner, the officer turned his head toward it and put up his hand for it to stop. and kept his hand up; that it "kept coming right along"; that he tried to jump out of its way; that the front part of it struck him and knocked him down; and that it went more than seventy feet before stopping. The trial judge denied a motion by the defendant that a verdict be ordered in his favor. *Held,* that

(1) It could not have been ruled as a matter of law that the officer was guilty of contributory negligence;

(2) The evidence warranted a finding that the defendant was negligent;

(3) The principles of law decided in *Prondecka v. Turners Falls Power & Electric Co.* 238 Mass. 239, did not prevent a finding of negligence on the defendant's part;

(4) The defendant's motion properly was denied.

TORT for conscious suffering and the death of Charles W. Mathews, the plaintiff's intestate, alleged to have been caused by negligence of the defendant in operating an automobile.   Writ dated September 14, 1921.

The action was tried in the Superior Court before *Williams*, J.   There was evidence for the plaintiff that Mathews was a special police officer on traffic duty at the corner of Pond Street and Palmer Avenue in Natick at dusk on the evening of July 17, 1921; that there was considerable traffic; that he was standing in the center of the car tracks in Pond Street opposite and facing Palmer Avenue; that he was dressed in a blue uniform with white gloves; that the defendant's automobile approached the corner on the tracks in Pond Street at a speed of twenty-five to forty miles an hour; that its lights were lit; that, when it was about three hundred feet from the corner, Mathews turned his head toward it and put up his hand for it to stop, and kept his hand up; that it "kept coming right along"; that Mathews tried to jump out of its way; that the front part of it struck him and knocked him down; that it went more than seventy feet before stopping; and that the injuries Mathews received caused conscious suffering and his death.

The judge excluded the release described in the opinion. He denied a motion by the defendant that a verdict be ordered in his favor.   The jury found for the plaintiff in the sum of $500 on the count for conscious suffering and $1,000 on the count for death.   The defendant alleged exceptions.

*J. F. Barry*, for the defendant.

*B. C. Perkins*, (*R. D. Gerould* with him,) for the plaintiff.

CARROLL, J.   The plaintiff's intestate, a special police officer of the town of Natick, while on traffic duty at the corner of Palmer Avenue and Pond Street, was struck by the defendant's automobile.   The action is to recover for conscious suffering and death.   In the Superior Court there was a verdict for the plaintiff.

The defendant offered a release given by the plaintiff to the town of Natick.   It acknowledged the receipt of $2,000 paid to her in accordance with a vote of the town, discharged the town of any claim or demand against it and

was in full satisfaction of any payment due to the plaintiff "personally or as administratrix of the estate of the . . . [intestate] under the provisions of General Laws, Chapter 32, section 87." The release was excluded subject to the defendant's exception.

G. L. c. 32, § 87, authorizes the payment of $1,000 by a city or town to the executor or administrator of a policeman who is killed or dies within sixty days from injuries received while in the performance of his duties; such payment is to be made by the city or town treasurer. By St. 1922, c. 434, the action of the town in voting to pay the plaintiff $2,000 was made valid.

The defendant's argument in favor of the admissibility of the release is based on the assumption that the defendant in this action and the town of Natick were joint tortfeasors. We cannot agree with this contention. The plaintiff's intestate was in the discharge of his duty as a special policeman upon the public highway when he was injured by the alleged negligence of the defendant in so operating his automobile as to strike the intestate. The plaintiff had no cause of action against the town for or on account of the alleged tort. There was in fact no claim of negligence on the part of the town, and no such claim was made by the plaintiff. The fact that the plaintiff was paid money under the statute did not make the principle applicable to joint tortfeasors pertinent here. This question was fully considered in *Pickwick* v. *McCauliff*, 193 Mass. 70, 75. It was there decided that the payment made the plaintiff was in the nature of a gratuity and not as something paid in satisfaction of an injury for which the Commonwealth was or might be liable according to established rules of law. See *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 146, where payment made under a policy of accident insurance was excluded in an action of tort against the defendant. *Ridgeway* v. *Sayre Electric Co.* 258 Penn. St. 400, 406. It is not argued that the workmen's compensation act, G. L. c. 152, has any bearing. G. L. c. 152, § 69, relating to cities and towns, applies only to "laborers, workmen and mechanics," and the payment here in question was not made under the work-

men's compensation act; it was made under G. L. c. 32, § 87, St. 1922, c. 434. *Cormier* v. *Worcester Consolidated Street Railway*, 234 Mass. 193, and the cases relied on by the defendant are not in conflict; all of them are to be distinguished on the facts. The release of the town of Natick was not admissible.

The question of the contributory negligence of the plaintiff's intestate was a question of fact. He was properly upon the way. The darkness or light, the amount of travel, the position in which the intestate was, and all the facts surrounding the situation, made this question one for the jury. *Dube* v. *Keogh Storage Co.* 236 Mass. 488, 492. *Reynolds* v. *Murphy*, 241 Mass. 225, 228.

There was conflicting evidence as to the defendant's negligence. The rate of speed at which he was moving was in dispute; the place where the accident occurred with all the surrounding circumstances made the question of the negligence of the defendant one of fact. It was properly left to the jury to decide. G. L. c. 90, § 17. *Puccia* v. *Sevigne*, 258 Mass. 234, and cases cited. Nothing was decided in *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, which prevented the jury from finding that the defendant was negligent.

*Exceptions overruled.*