EDMUND L. BRUNO'S CASE.

Worcester.    January 5, 1960. — March 2, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Workmen's Compensation Act*, To whom act applies, Employment, Public
officer. *Contract*, Of employment. *Public Officer. Municipal Corporations*, Officers and agents, Perambulation of boundaries.

A selectman of a town injured while performing his duty of perambulating
its boundaries pursuant to G. L. c. 42, § 2, was not an employee of the
town within c. 152, § 1 (4), and was not entitled to workmen's compensation even though he received additional pay for perambulating.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensation act.

The case was heard by *Meagher, J.*

*William H. Tucker*, for the claimant.

*John T. Foynes*, for the insurer.

WILKINS, C.J.   The claimant, a selectman of the town of
Athol, was injured on October 20, 1957, while perambulating the town boundaries, and contends that in so doing he
was an employee of the town and is entitled to workmen's
compensation.   Both the single member and the reviewing
board decided against his contention.   A final decree recited
that the claimant was injured "while he was in the course
of performing a duty incumbent upon him as an elected
officer of the insured town by virtue of G. L. c. 42, § 2, that
he was not 'an employee' of the town," and dismissed his
claim.   The claimant appealed.

General Laws (Ter. Ed.) c. 42, § 2, provides, "The boundary lines of every town shall be perambulated and run and
the marks renewed, once in every five years, by two or more
of the selectmen of each town or by substitutes appointed
by them in writing, and the proceedings shall be recorded
in the records of each town."

It was agreed that in addition to their regular pay as selectmen, which amounted to $11.26 weekly, the selectmen received an additional $10 for perambulating. This fact, however, did not alter the character of the duty which the claimant was performing as an elected public officer. He had no contract of hire with the town and did not meet that requirement of the definition of "employee" in the workmen's compensation act: "every person in the service of another under any contract of hire, express or implied, oral or written." G. L. c. 152, § 1 (4). See *Langevin's Case*, 326 Mass. 43, 46. He was not subject to the direction and control of anyone, but was himself in joint charge of the performance of an official duty.

The language of the statute is of great significance. The perambulation of boundary lines and the renewal of marks are referred to as "proceedings," which must "be recorded in the records" of the town. This is cogent confirmation of our opinion that perambulations are official acts and not those of employees. "When perambulations are duly made and recorded, they are not merely *prima facie*, but *very high* and *strong* [, but not conclusive,] evidence" of municipal boundary lines. *Freeman* v. *Kenney*, 15 Pick. 44, 46. See *Middleborough* v. *Taunton*, 2 Cush. 406, 408–409; *Putnam* v. *Bond*, 100 Mass. 58, 62; *Commonwealth* v. *Heffron*, 102 Mass. 148, 151. The fact that selectmen are not absolutely required to do the perambulating themselves, but may designate substitutes by the formality of a writing, does not lessen the force of the statutory mandate.

Our conclusion has support elsewhere. *Vandenburg* v. *Center Township*, 124 Neb. 790, 792. *Toomey* v. *New York State Legislature*, 2 N. Y. 2d 446, 448–449. *Robinson* v. *Board of County Commrs.* 289 P. 2d 668, 670–671 (Okla.). *Werner* v. *Industrial Commn.* 212 Wis. 76, 79–80.

*Decree affirmed.*