HAROLD MACARTHUR *vs.* MASSACHUSETTS HOSPITAL
SERVICE, INC.

Suffolk.   December 7, 1961. — February 23, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& SPIEGEL, JJ.

*Insurance,* Disability insurance, Construction of policy.   *Fireman.   Municipal Corporations,* Indemnification of police and firemen.   *Words,*
"Entitled."

In a "Blue Cross" "subscriber certificate" reciting that no "credits" would
"be provided for services, care, or treatment for personal injuries or
illness arising out of or in the course of employment or incurred in line
of duty, or for admissions to a hospital operated by any agency of the
United States Government, or for any other services, when the . . . [subscriber] would be entitled to full or partial benefits under any municipal, state, or Federal law, regulation, or agency, if this contract were
not in effect," the last clause beginning with the word "when" modified
the first two clauses as well as the third clause reading "or for any other
services," so that the subscriber was not barred from "credits" solely
because his medical expenses resulted from an injury "incurred in line
of duty" as a fireman, but only if also he was entitled to benefits as
provided in the last clause.   [671–672]
Any ambiguity in a provision of a "Blue Cross" "subscriber certificate"
limiting the coverage should be resolved in favor of the subscriber.
[672]
A fireman injured in line of duty had no claim of right to any indemnification by his municipality under G. L. c. 41, § 100, as amended through
St. 1958, c. 267, and as a holder of a "Blue Cross" "subscriber certificate" was not barred by reason of § 100 from receiving "credits" by
a provision of his certificate precluding "credits" "when the . . . [subscriber] would be entitled to . . . benefits under any . . . law": the
word "entitled" in such provision must be construed to mean having a
claim of right.   [672–674]

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on June 22, 1961.

The suit was reserved and reported by *Spiegel,* J., without decision.

*Earle C. Parks, (Owen P. Maher* with him,) for the plaintiff.

*James O. Smith,* for the defendant.

SPIEGEL, J.    The plaintiff seeks a declaration under G. L. c. 231A determining his right to payment for hospital expenses under a contract with the defendant.    The case was reserved and reported by a single justice upon the pleadings and a statement of agreed facts.

In 1939 the plaintiff subscribed to the services offered by the defendant, Massachusetts Hospital Service, Inc., better known as the "Blue Cross," and received a "Subscriber Certificate."    In February, 1961, the plaintiff, a fireman, employed by the City of Gloucester, suffered personal injuries at a fire while performing his duties under the direction of the chief of the fire department.    By reason of his injuries the plaintiff was hospitalized and incurred hospital expenses in the amount of $246.89.    The parties have agreed that, if the plaintiff is entitled to payment under the subscriber's certificate, he is entitled to payment of his hospital expenses to the extent of $144.89.

The subscriber's certificate provides in art. II, paragraph C, § 2, as follows: "No credits shall be provided for services, care, or treatment for personal injuries or illness arising out of or in the course of employment or incurred in line of duty, or for admissions to a hospital operated by any agency of the United States Government, or for any other services, when the member would be entitled to full or partial benefits under any municipal, state, or Federal law, regulation, or agency, if this contract were not in effect."

The defendant asserts that art. II, paragraph C, § 2, of the certificate sets forth three distinct situations for which credits will not be provided, namely, (1) for services, care or treatment for personal injuries or illness arising out of or in the course of employment, or incurred in the line of duty; (2) for admissions to a hospital operated by any agency of the United States Government; (3) for any other services when the member would be entitled to full or partial benefits under any municipal, State or Federal law, regulation or agency if this contract were not in effect.

The defendant contends (a) that under this construction of the certificate the plaintiff "is not entitled to credit be-

cause he was injured in the line of duty," and (b) that the plaintiff "is entitled to full or partial benefits under the state law as set forth in" G. L. c. 41, § 100.

The provisions of the contract are to be construed ". . . according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed." *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471. *Lustenberger* v. *Boston Cas. Co.* 300 Mass. 130, 135. We are of opinion that the clause in the aforementioned § 2 of the subscriber's certificate beginning with the word "when" relates to each of the situations set forth in that section. If, as the defendant argues, that clause was intended to apply only to the phrase "for any other services," no comma would be necessary after the word "services."

We think there is no doubt as to the meaning of this section. However, even if we should assume that there is some difficulty in ascertaining its meaning, any ambiguity must be resolved against the defendant. The contract was drawn by the defendant and it would have been an easy matter to state the provisions of the section in dispute in form and words which would leave no doubt as to its intent.

We see no reason why an exclusionary clause should not be written free from any ambiguity and in such simple language so as to be readily understood by a person not versed in legal technicalities or nuances of phraseology. If an insurer chooses to use language in a policy which permits two rational interpretations, we choose the one more favorable to the insured. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471–472. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 511. *Woogmaster* v. *Liverpool & London & Globe Ins. Co. Ltd.* 312 Mass. 479, 481. *Fuller* v. *Home Indem. Co.* 318 Mass. 37, 42. *August A. Busch & Co. of Mass. Inc.* v. *Liberty Mut. Ins. Co.* 339 Mass. 239, 243.

The plaintiff is not deprived of benefits under his contract with the defendant solely because he was injured "in line of duty." It remains to be determined, however, whether the plaintiff is "entitled to full or partial benefits" under G. L. c. 41, § 100 (as amended through St. 1958, c. 267).

Section 100 of G. L. c. 41 provides that a city "shall indemnify a . . . fireman or a member of the fire department . . . to an amount not more than the amount recommended by the board or officer authorized to appoint . . . firemen or members of the fire department of such city . . . for expenses or damages sustained by him while acting as a . . . fireman . . . ."

In the case of *Fortin* v. *Mayor of Chicopee,* 325 Mass. 214, 216, it was held that the city's obligation under G. L. c. 41, § 100, is to indemnify the claimant to an amount not in excess of that recommended by the appointing officer and that nothing in the statute requires the appointing authority to make any recommendation. Therefore, whether the plaintiff will receive any benefits under G. L. c. 41, § 100, is contingent upon the recommendation of the city manager of Gloucester that such benefits be provided. The city manager is under no obligation to make such recommendation.

The defendant contends that the word "entitled" as used in art. II, paragraph C, § 2, of the subscriber's certificate means only that a subscriber "qualify" for benefits given under a State law. We do not agree.

The word "entitled" appears in a provision of the contract which operates to limit the obligation of the defendant. The meaning applied to the word will determine whether the scope of that limitation will be broad or narrow. The plaintiff subscribed to the services offered by "Blue Cross" in order to be protected against certain extraordinary expenses arising out of injury and sickness. The provision in the contract limiting coverage should be strictly construed so as not to diminish the protection purchased by the plaintiff. This conclusion is consistent with the rule established in the cases cited above that ambiguities in an insurance policy should be resolved in favor of the insured. See also *National Bank* v. *Insurance Co.* 95 U. S. 673, 679; *Government Employees Ins. Co.* v. *Ziarno,* 273 F. 2d 645, (2d Cir.); *Glickman* v. *New York Life Ins. Co.* 16 Cal. 2d 626, 634–635; *Wildman* v. *Government Employees' Ins. Co.* 48 Cal. 2d 31, 37; *Canadian Radium & Uranium*

*Corp.* v. *Indemnity Ins. Co.* 411 Ill. 325, 332; *Masonic Acc. Ins. Co.* v. *Jackson,* 200 Ind. 472, 481–482; *DeLand* v. *Fidelity Health & Acc. Mut. Ins. Co.* 325 Mich. 9, 19; 13 Appelman, Insurance Law and Practice (1943) § 7405. The word "entitled" as employed in art. II, paragraph C, § 2, of the contract should be construed to mean having a claim of right. The plaintiff has no claim of right to indemnification from the city under G. L. c. 41, § 100. *Fortin* v. *Mayor of Chicopee, supra.*

We conclude, therefore, that the defendant was in error in denying benefits to the plaintiff.

A final decree is to be entered declaring that the plaintiff is entitled to the benefits provided for under his contract with the defendant; and that the defendant shall pay to the plaintiff the sum of $144.89.

*So ordered.*