MELVILLE D. SEIBOLT *vs.* COUNTY OF MIDDLESEX
& others.[1]

Suffolk.    September 19, 1974. — November 22, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & WILKINS, JJ.

*County,* Employees. *Workmen's Compensation Act,* To whom act applies.

A vote by county commissioners to "accept" St. 1936, c. 403, and, further, that "all employees of " the county, except members of a police or fire force, "regardless of the nature of their work, shall be regarded within the terms of said act," had the effects of accepting G. L. c. 152, § 69, which c. 403 amended, if § 69 had not already been accepted, and of extending the coverage of the Workmen's Compensation Act to include, among other county employees, correction officers employed by the county at its house of correction, so that such an officer, thereafter injured in the course of his duty, being so covered, was not entitled to indemnification by the county under G. L. c. 126, § 18A. [414-417]

BILL IN EQUITY filed in the Superior Court on October 16, 1972.

The suit was heard by *Adams,* J.

*Gerald F. Lane* for the plaintiff.

*Edward M. Ginsburg (Peter R. Beatrice, Jr., & S. George Bromberg* with him) for the defendants.

---

[1] The other defendants are the following officers of the county of Middlesex: the three county commissioners, the sheriff and the treasurer.

QUIRICO, J.   This is a bill in equity under G. L. c. 231A by which the plaintiff seeks declaratory and other relief on his alleged right under G. L. c. 126, § 18A, inserted by St. 1953, c. 355, to be indemnified for expenses and damages, including loss of pay, sustained by him as the result of an injury which he received in the course of his duty as a correction officer at the Middlesex County house of correction. The plaintiff is appealing from a final decree of the Superior Court dismissing his bill.

We hold, for reasons discussed below, that the plaintiff is not entitled to be indemnified.

The case is before us on the basis of undisputed facts found and voluntarily reported by the trial judge. The parties have treated the report as though it were a statutory report of material facts under G. L. c. 214, § 23, as it appeared prior to its repeal, effective July 1, 1974, by St. 1973, c. 1114, § 62.[2] The evidence is not reported.[3] In this situation we accept the reported findings as true, there being no inconsistencies therein, and the question is whether the decree appealed from was rightly entered on the findings reported. *Sturnick* v. *Watson,* 336 Mass. 139, 143 (1957). *Jose* v. *Lyman,* 316 Mass. 271, 277 (1944), and cases cited. *C. & W. Dyeing & Cleaning Co. Inc.* v. *DeQuattro,* 344 Mass. 739, 740 (1962).

The judge found the following facts. On February 7, 1969, the plaintiff, while employed by Middlesex County (county) at the house of correction, attempted to prevent a suicide by an inmate. In the ensuing altercation with the inmate he suffered personal injuries and was disabled from

---

[2] Rule 52 of Mass. R.Civ.P. 365 Mass. 816, which took effect on July 1, 1974, provides in part: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon . . .. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

[3] The composition and preparation of the record on appeal is now governed by Rule 8 of Mass. R.A.P. 365 Mass. 849-851, which took effect on July 1, 1974. However, Rule 1A, subparagraph 7, of Mass. R.A.P. 365 Mass. 845, provides that "all appeals claimed before July 1, [1974], shall follow pre-July 1 procedure" with exceptions not here material. The present appeal was claimed on July 30, 1973.

performing his duties. He applied for and received work-men's compensation under G. L. c. 152, for full disability under § 34 and for his dependents under § 35A, starting from the date of his injury. The total workmen's compensation thus received by him through March 31, 1973, was $20,734.92, whereas if he had worked as an officer at the house of correction for that same period his total compensation from the county would have been $43,788.79.[4] The plaintiff claims a right to be indemnified by the county under G. L. c. 126, § 18A, for (a) the difference between those two sums and an additional sum computed in the same manner for the duration of his continuing disability, (b) interest on the sums due but not paid to him, (c) past and future medical bills incurred as the result of his injuries, and (d) attorney's fees.

The plaintiff bases his claim for indemnification on G. L. c. 126, § 18A.[5] This statute does, indeed, authorize a county, in certain circumstances, to indemnify "an officer employed in a jail or house of correction . . . for expenses or damages sustained by . . . [him] as the result of a wilful act of an inmate in such jail or house of correction." However, by its very terms the statute permits such indemnification only "[i]f an officer employed in a jail or house of correction of a county is not determined by the county commissioners under . . . [G. L. c. 152, § 69] to be included in the terms laborers, workmen and mechanics." The plaintiff contends that he has not been so included, and the defendants contend that he has. It is clear that if the plaintiff has been

---

[4] For reasons not apparent in the judge's findings, the lesser sum is computed to March 31, 1973, whereas the greater sum is computed to April 6, 1973.

[5] Section 18A reads in part as follows: "If an officer employed in a jail or house of correction of a county is not determined by the county commissioners under section sixty-nine of chapter one hundred and fifty-two to be included in the terms laborers, workmen and mechanics as used in sections sixty-eight to seventy-five, inclusive, of said chapter, the county shall indemnify such officer, in such amount as determined by the county commissioners upon the recommendation of the sheriff of such county, for expenses or damages sustained by such officer, while acting as such officer, as the result of a wilful act of an inmate in such jail or house of correction. Such damages shall include loss of pay by reason of absence from duty on the part of such officer because of temporary incapacity caused by injury suffered through no fault of his own while in the actual performance of duty."

included in the terms "laborers, workmen and mechanics" he has no right to indemnification under G. L. c. 126, § 18A. Our resolution of this disagreement requires us to consider and interpret a number of pertinent statutes and to determine the effect of action taken by the county commissioners thereunder.

The original Workmen's Compensation Act, St. 1911, c. 751, did not provide coverage for any governmental employees. However, St. 1913, c. 807, extended coverage to "laborers, workmen and mechanics" employed by the Commonwealth or employed by any county, city, town or district which had the power of taxation and accepted the statute. There then followed a series of decisions by this court holding that certain classes of employees of cities which had accepted St. 1913, c. 807, were not "laborers, workmen and mechanics." *Devney's Case,* 223 Mass. 270 (1916), excluded a member of the fire department; *Lesuer's Case,* 227 Mass. 44 (1917), excluded a teacher; and *Saxe's Case,* 242 Mass. 290 (1922), excluded the employee of an uninsured independent contractor removing ashes and rubbish for a city. See *Mathews* v. *Carr,* 271 Mass. 362 (1930).

In the 1921 recodification of our statutes as the "General Laws," the provisions of St. 1913, c. 807, § 1, referred to above became part of G. L. c. 152, § 69, and they continue to be a part of § 69, with amendments hereinafter discussed. Statute 1936, c. 403, amended § 69 to provide that "[t]he terms laborers, workmen and mechanics . . . shall include other employees except members of a police or fire force, regardless of the nature of their work, of the commonwealth or of any such county, city, town [or] district . . . to such extent as the commonwealth or such county, city, town or district . . . shall determine, as evidenced by a writing filed with the department." Chapter 403 also made provision for its acceptance by the governmental units described therein.

On June 1, 1937, the county commissioners voted as follows: "said Commissioners do hereby accept said Chapter 403 of the Acts of 1936, and do now further indicate by

this writing to be filed with the Department of Industrial Accidents, that all employees of the County of Middlesex, except members of a police or fire force, regardless of the nature of their work, shall be regarded within the terms of said act." It does not appear from the record whether the county had previously accepted the provisions of St. 1913, c. 807, or of G. L. c. 152, § 69, but that does not affect our decision.

We hold that the combined effect of the vote of the commissioners on June 1, 1937, was (a) that the county thereby accepted the provisions of G. L. c. 152, § 69, assuming it had not done so earlier, (b) that the coverage of the Workmen's Compensation Act was thereby extended to include officers employed by the county at its house of correction as well as other classes of employees not involved in the present case, and (c) that the decisions of this court in the *Devney, Lesuer,* and *Saxe* cases cited and relied on by the plaintiff became irrelevant to the present issue.[6]

While our holdings stated above are based on the clear, unequivocal and unambiguous language of the statute involved (G. L. c. 152, § 69, as amended by St. 1936, c. 403), we note that they are also supported by the legislative history of c. 403. When the Legislature was considering the enlargement of workmen's compensation coverage for gov-

---

[6] We note the following cases (although not cited in the briefs of the parties) decided since 1937, denying claims for workmen's compensation against governmental bodies: *Scordis's Case,* 305 Mass. 94 (1940), which involved an injury to a person while performing labor as a member of a crew of a city ash removal truck, the city having required him to perform the labor as a condition to his receipt of welfare assistance; *Bruno's Case,* 340 Mass. 420 (1960), which involved injuries sustained by a town selectman while perambulating the town boundaries as required by G. L. c. 42, § 2; and *O'Malley's Case,* 361 Mass. 504 (1972), which involved injuries to a person in the course of his service as a juror. In each case the claim was denied on the ground that the claimant was not an "employee" within the language of G. L. c. 152, § 1 (4), defining that word to mean "every person in the service of another under any.contract of hire, express or implied, oral or written." An examination of the records and briefs in these three cases either discloses, or permits an inference, that each of the governmental bodies involved had accepted G. L. c. 152, § 69, or comparable earlier statutes, extending workmen's compensation coverage to its "laborers, workmen and mechanics." However, only in *Bruno's Case* does the record show that the town had gone beyond that and exercised its option under § 69 to extend such coverage further to include all town employees except members of the police and fire forces, but the opinion in the case does not discuss this point. These three decisions therefore provide no guidance on the question now before us.

ernment employees, the House had before it a bill, 1936 House No. 1240, which would have extended it only to those employees "injured while in the performance of a duty of hazard similar to that of a laborer, workman or mechanic," and the Senate had before it a bill, 1936 Senate No. 299, which would have extended it only to those employees "injured while performing a task ordinarily performed by a laborer, workman or mechanic." It is significant that the Legislature accepted neither of these limited proposals and instead extended coverage to all other employees "regardless of the nature of their work . . . to such extent as the . . . [particular governmental unit] shall determine," excepting only "members of a police or fire force."

In view of our conclusions above, it is unnecessary for us to discuss separately all of the arguments of the plaintiff in support of his contention that, notwithstanding the applicable statutes and the vote of the commissioners and notwithstanding his claim for and acceptance of workmen's compensation under G. L. c. 152, he was never brought under the coverage of the latter statute and is therefore entitled to the additional indemnification available in certain circumstances under G. L. c. 126, § 18A. We have considered all of the arguments and conclude that they do not entitle the plaintiff to the indemnification which he claims.

To the extent that § 18A authorizes indemnification of an injured officer, it is "in such amount as determined by the county commissioners upon the recommendation of the sheriff of such county." The plaintiff alleges in his bill that all of the defendants "have never and continue to refuse to take the necessary appropriate action required by them of said . . . [§] 18A, to pay damages to . . . [the plaintiff] including his full pay." The parties have not raised the question of the effect of the absence of any determination by the county commissioners and recommendation of the sheriff on the plaintiff's right to indemnification, and we intimate no opinion thereon. See *Fortin* v. *Mayor of Chicopee,* 325 Mass. 214, 216 (1950), and *MacArthur* v.

*Massachusetts Hosp. Serv. Inc.* 343 Mass. 670, 672-674 (1962).

The judge correctly ruled and concluded that the plaintiff "is not entitled to the benefits" of G. L. c. 126, § 18A, and he should have entered a final decree to that effect. Instead he entered a decree dismissing the bill. The decree is therefore reversed, and a new decree is to be entered in accordance with this opinion. *Foley* v. *Springfield,* 328 Mass. 59, 62-63 (1951). *Commissioner of Labor & Indus.* v. *Lawrence Housing Authy.* 358 Mass. 202, 210 (1970).

*So ordered.*