MURTON BIATHROW *vs*. CONTINENTAL CASUALTY COMPANY.

Worcester.    September 15, 1976. — October 28, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Insurance,* Construction of policy.

Where a clause in an "Accident and Sickness" insurance policy was sufficiently ambiguous to permit two rational interpretations, the interpretation of the clause was not a question of fact to be resolved by the jury but was correctly resolved by the judge, as matter of law, against the insurer. [250-251]

An exclusion in an "Accident and Sickness" insurance policy for "any loss caused by or resulting from: any disorder of the spine and/or lumbar muscles" with respect to the insured, who was suffering from curvature of the spine when he applied for the policy, was applicable only to damages growing out of his preexisting spinal condition and did not bar recovery for injuries to his back resulting from a fall down some stairs. [250-251]

CONTRACT.    Writ in the Superior Court dated May 31, 1968.

The case was tried before *Vallely*, J., and was reported by the Appeals Court.

*Joseph F. Sawyer, Jr.*, for the defendant.
*Robert V. Mulkern* for the plaintiff.

---

REARDON, J.    This case comes here on a report by the Justices of the Appeals Court. The defendant had appealed from a verdict for the plaintiff for $4,200, plus interest, in a contract action under an "Accident and Sickness" insurance policy for injuries which the plaintiff sustained in an accident. The defendant is here on its exceptions to the denial of its motion for a directed verdict and to the Superior Court judge's charge to the jury.

The plaintiff's accident consisted of a fall down some stairs on August 30, 1966, which caused injury to his lower back. The clause at issue in his policy reads: "With respect to the insured, the policy does not cover any loss caused by or resulting from: any disorder of the spine and/or lumbar muscles." The plaintiff at the time of his application for the policy suffered from kyphoscoliosis (curvature of the spine) caused by a childhood disease. After his fall his back condition was diagnosed as "acute lumbarsacral strain and kyphoscoliosis." The judge in his charge to the jury stated that "if you find that this was a result of an injury imposed upon a pre-existing condition that could not reasonably have been forecast in all probability, then the plaintiff in this case is entitled to recover for the length of his disability, whatever you find that to be. On the other hand, if you find that his condition, as it existed after the fall, was the result of the natural extension of the pre-existing condition that he had since childhood, and if you find it was a natural extension of this condition and that resulted in his disability and you found there was disability, he could not recover under the policy."

The defendant argues that: (1) as matter of law, the plaintiff is barred from recovery by the terms of the elimination indorsement, and (2) if liability is not thus precluded, the interpretation of the indorsement is a question of fact to be resolved by the jury. We disagree with both contentions and affirm the judge's refusal to grant the defendant's motion for a directed verdict at the close of the evidence. It may well be that the defendant intended by the addition of the elimination clause to the insurance contract to preclude recovery for any injury to the spine

or lumbar muscles. However, the plaintiff might reasonably have interpreted the provision as applicable only to damages growing out of his preexisting spinal condition. This latter construction is consistent with the common insurance practice of excluding coverage of preexisting disorders while accepting liability for subsequent injuries or illnesses unrelated to the existence of such a prior condition.

We find the language of the elimination indorsement sufficiently ambiguous to permit two rational interpretations. That being so, we apply the well established rule that as matter of law ambiguities are to be resolved against the insurer and the construction more favorable to the insured is to be adopted. *Joseph E. Bennett Co.* v. *Fireman's Fund Ins. Co.,* 344 Mass. 99, 103-104 (1962). The judge accurately applied this principle in interpreting the contract provision in his instructions to the jury. These instructions were correct.

*Exceptions overruled.*