PAULINE H. BATES *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY. January 11, 1978. The plaintiff appeals from a judgment for the defendant in a case submitted upon an "agreed statement of facts." The plaintiff, a beneficiary of two life insurance policies on the life of her son (insured) issued by the defendant, seeks to recover double indemnity under the accidental death provisions of the policies. The insured was killed in the crash of a rented plane which he was piloting. Recovery is excluded under those provisions if the accidental death results from "[t]ravel, flight or descent in or from any kind of aircraft . . . which the [i]nsured is aboard to perform specific duties whether applicable to the operation of the aircraft or not." Language of an insurance policy which is clear and unambiguous will be given its usual and ordinary meaning (*Ober v. National Cas. Co.,* 318 Mass. 27, 30 [1945]; *Kolligian v. Prudential Ins. Co. of America,* 353 Mass. 322, 324 [1967]); and exclusionary provisions are to be strictly construed so as not to diminish the protection purchased by the insured. *MacArthur v. Massachusetts Hosp. Serv., Inc.,* 343 Mass. 670, 673 (1962). *Vappi & Co., Inc. v. Aetna Cas. & Sur. Co.,* 348 Mass. 427, 431 (1965), and cases cited. Any ambiguous provision in the policy will be construed against the insurer. *Cormier v. Hudson,* 284 Mass. 231, 234 (1933). *MacArthur, supra. Joseph E. Bennett Co. v. Fireman's Fund Ins. Co.,* 344 Mass. 99, 103 (1962). We conclude that the plaintiff's assertion is correct that the exclusionary language quoted above is reasonably subject to more than one interpretation and is therefore ambiguous. *Biathrow v. Continental Cas. Co.,* 371 Mass. 249, 251 (1976). The exclusion, on its face, applies only to one who is aboard an aircraft for the purpose of performing "specific duties." That term could be read broadly to mean "specific functions," a reading which would support the defendant's contention because the insured was aboard the aircraft to perform the specific function of piloting the aircraft; or "specific duties" could be read to mean "legal obligations" (such as those assumed under an employment contract or in military service) in which case only pilots, flight attendants and others aboard

the aircraft to discharge contractual or other legal obligations would be excluded from coverage. So read, one aboard an aircraft to perform a function, absent a legal obligation to do so, would not be excluded from coverage. We interpret the term "specific duties" in the exclusionary clause in the narrower sense of "specific legal obligations." Granted that the latter is not the only possible reading of the disputed provision, it is a rational one. In such a case, the construction most favorable to the insured is to be adopted. *Joseph E. Bennett Co.,* 344 Mass. at 103. *Palmer* v. *Pawtucket Mut. Ins. Co.,* 352 Mass. 304, 306 (1967). We therefore interpret "specific duties" to exclude from coverage persons, unlike the insured here, such as employees of an airline or military personnel whose duties aboard aircraft entail the expenditure of extensive time in flight thus increasing the risk of accident. Had the defendant intended to exclude from coverage the risk created by the insured's function with respect to the aircraft in this case, the defendant could have employed plain language so as to be readily understood. *MacArthur,* 343 Mass. at 672. Compare *Hyfer* v. *Metropolitan Life Ins. Co.,* 318 Mass. 175, 177-178 (1945); *Howard* v. *Equitable Life Assurance Soc. of the U.S.,* 360 Mass. 424, 425-426 (1971). Since the facts are undisputed, and the only question presented is one of law (*Ober,* 318 Mass. at 30, and cases cited), we need not consider the defendant's assertions concerning the burden of proof. The judgment is reversed and the case is remanded to the Superior Court for entry of a new judgment in accordance with this opinion.

*So ordered.*

*John M. Griffin* for the plaintiff.
*Robert V. Deiana* (*Edward C. Bassett* with him) for the defendant.