THE MIDDLESEX INSURANCE COMPANY *vs.* AMERICAN EMPLOYERS INSUR-
ANCE COMPANY. February 29, 1980. The defendant appeals from a judg-
ment for the plaintiff, The Middlesex Insurance Company (Middlesex),
entered upon the judge's findings after a hearing. Middlesex had reim-
bursed its insured, Oak Ridge Realty, Inc. (Oak Ridge), for damage to a
building owned by Oak Ridge and leased to one Schortmann. The dam-
age resulted from a fire accidentally caused by one of Schortmann's em-
ployees. Oak Ridge had recovered a judgment against Schortmann which
remains unsatisfied. Middlesex became subrogated to the rights of Oak
Ridge and brought this action under G. L. c. 175, §§ 112 and 113, and
G. L. c. 214, § 3(9), against the defendant, which had issued a garage
liability insurance policy to Schortmann.

The judge ruled that the property damage in question was covered
under Part II, Coverage C, Division 1, of the policy issued by the defend-
ant, entitled "Property Damage Liability," whereby the defendant prom-
ised to "pay on behalf of the insured all sums which the insured shall
become legally obligated to pay as damages because of . . . property
damage to which Part II applies, caused by accident and arising out of"
certain hazards, including the "use of the premises for the purposes of a
garage, and all operations necessary or incidental thereto . . . ." The issue
is whether exclusionary clause (9) in Part II precludes coverage. That
clause excludes recovery for "property damage to (a) property . . . rented
to . . . the insured, (b) property in the care, custody or control of . . . the
insured, or property as to which the insured is for any purpose exercising
physical control . . . ." The defendant argues that the term "property" as
used in exclusion (9) is unambiguous and should be read to include the
premises wherein the garage is located, relying on the definition of the
term "property damage" in the definitional section of Part II as "physical
injury to or destruction of tangible property." The judge concluded,
however, that the use in the policy of the words "property," "property
damage," and "premises" indicates that the damage to the subject prem-
ises wherein the insured conducted his garage business was covered by the
policy, and that to interpret the exclusionary clause as the defendant
would have the court do would result in coverage to the insured which
was unrealistically limited. See *Bulyga* v. *Underwriters at Lloyds', Lon-
don*, 1 Mass. App. Ct. 359, 363 (1973). The term "premises" is used sev-
eral times in Part II and is defined in the definitional section as "premises
where the named insured conducts garage operations . . . ." Because the
insurer has used the term "premises" in the policy to refer specifically to
the real property housing the garage, it is reasonable to interpret the term
"property" as used in exclusion (9) as referring to property other than that
denoted elsewhere in the policy by the term "premises." We agree with
the judge that to give the exclusionary clause the very broad and expansive
reading suggested by the defendant reduces the property insured to such a
narrowly circumscribed area as to be "unrealistically limited."

In any event, we conclude that the language in exclusion (9) is reasonably susceptible to varying readings, and is therefore ambiguous. *Bates* v. *John Hancock Mut. Life Ins. Co.*, 6 Mass. App. Ct. 823 (1978). Exclusions from coverage are to be strictly construed so as not to diminish the protection purchased by the insured, *Bates* v. *John Hancock Mut. Life Ins. Co.*, *id.*, and cases cited, and any ambiguous provision in the policy must be construed against the insurer, the author of the policy. *Slater* v. *United States Fid. & Guar. Co.*, 379 Mass. 801, 804 (1980). *Panesis* v. *Loyal Protective Life Ins. Co.*, 5 Mass. App. Ct. 66, 71 (1977), and cases cited.

*Judgment affirmed.*

*Gerard L. Pellegrini* for the defendant
*Morton J. Sweeney* (*Patricia A. Bobba* with him) for the plaintiff.