**Michael T. HULL and Joseph A. LAMAGNA, Co-Administrators of the Estate of Ronald SOUSA, Jr. and Michelle SOUSA**

vs.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, ALIAS**

**No. 298**

District Court, Bristal, ss.
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**May 24, 1982**

**Edward J. Mulligan, Esq.,** counsel for plaintiff.
**Charles R. Desmarais, Esq.,** counsel for defendant.

### DECISION AND ORDER

This cause came on to an was heard in the Appellate Division for the Southern District sitting at Dedham upon Report from the District Court Department, Attleboro Division and it is found and decided that there was no prejudicial error.

It is hereby

584

ORDERED: That the Clerk of the District Court Department, Attleboro Division make the following entry in said case on the docket of said Court, namely: REPORT DISMISSED.

Opinion filed herewith.

Date: May 24, 1982

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**

### OPINION

**Black, J.** This is an action of contract brought by the plaintiffs, Michael T. Hull and Joseph A. Lamagna, as co-administrators of the estates of Ronald Sousa, Jr., and Michele Sousa, on February 21, 1979, against the Prudential Insurance Company of America, alias Prudential, seeking to recover damages for the alleged breach by the defendant of its agreement to pay insurance proceeds on the death of Ronald Sousa, Jr., and Michelle Sousa under provisions of a family life insurance policy. The complaint contained a second count which sought to recover damages under G.L.c. 93A on account of said failure to pay. The defendant answered by alleging an offer to pay the appropriate amount of insurance proceeds and denied the plaintiffs' claim for Chapter 93A damages.

The case was heard on November 24, 1980, as a case stated under the following statement of agreed facts:

"On July 30, 1977 the named insured, Ronald Sousa, was insured under the attached policy issued by defendant Prudential Insurance Company of America. The face amount of the said policy was $5,000.00; there were provisions for coverage of the wife of the named insured and the dependent children of the named insured. On said date, the named insured, his wife and his two dependent children, Ronald Sousa, Jr. and Michele Sousa died in an automobile accident. Pursuant to the provisions of said insurance policy, the defendant paid in full and without dispute the death benefits provided by the policy for the named insured and his said wife. A dispute arose concerning the death benefits to be paid as a result of the death of the dependent children of the named insured, the plaintiffs' interstate in this action.

"Page 1 paragraph 4 of the insurance policy reads in part 'the insurance on the life of each dependent child is term insurance in an amount equal to one-fifth of the face amount...' Pursuant to this provision defendant paid $1,000.00 for each dependent child of the named insured two plaintiffs (one-fifth of the face amount of $5,000.00).

"Page 6 of the endorsements of the insurance policy provides that the maximum amount of insurance permitted by the law for each dependent child is $5,000.00. Plaintiff alleges that this provision controls and that the defendant owes $5,000.00 for each child."

The court found for the defendant on both counts, on January 22, 1981, following which the plaintiffs duly requested a report. A hearing on the draft report for the defendant with the following additional memorandum: "The two minor children insured under the family life provision of the policy were each entitled to a $1,000.00 payment, plus appropriate policy adjustment. The defendant paid the appropriate amount for each child and now owes the plaintiff nothing." On March 20, 1981, the plaintiffs again requested a report which was allowed on July 14, 1981.

A review of the report and the copy of the policy in question, which is attached thereto, discloses no error by the trial judge. Very briefly, the plaintiffs contend that the endorsement contained in the policy, which sets forth a provision relating to the maximum total amount of insurance permitted by law, specifies that the amount of insurance on a dependent child is $5,000.00. Clearly it does not so provide. While it appears that the endorsement was a form intended for use in policies issued by the defendant for delivery in the State of New York and was improperly included in the subject

policy since the policy was issued for delivery in the Commonwealth of Massachusetts, where the endorsement is not .used, the inclusionof the endorsement creates no ambiguity.. The endorsement plainly places a limit upon the total amount of insurance payable on the death of a dependant child; it does not specify that the amount payable is $5,000.00.

We recognize that it is a cardinal rule. of insurance law that an insurance contract is to be liberally construed in favor of the insured or the beneficiary and strictly as against the insurer (**Rezendes v. Prudential Ins. Co.**, 285 Mass. 505, 511 [1934]). On the other hand, where there is no ambiguity, contracts of insurance, like other contracts, must be construed according to the plain and ordinary meaning of their terms. (**Karff v. Commercial Ins. Co.**, 43 Mass. App. Dec. 218, 229 [1970]). Stated a little differently, when equivocal language is used in a contract of insurance, such language is to be construed against the insurer. When, however, the words are plain and free from ambiguity, as here, they must be construed in their usual and ordinary sense (**Sherman v. Employers' Liability Assurance Corp. Ltd.**, 343 Mass. 354, 356 [1961], **Joseph E. Bennett Co., Inc. v. Fireman's Fund Ins. Co.**, 344 Mass. 99, 103-104 [1962], **Barnstable County Mutual Fire Ins. Co. v. Lally**, 374 Mass. 602, 605 [1978], **Bates v. John Hancock Mutual Life Ins. Co.**, 6 Mass. App. Ct. 823 [1978]). In short, in order to invoke the **contra proferentem** rule, there must first be an ambiguity (**Shea v. Bay State Gas Co.**, Mass. Adv. Sh. [1981] 765, 772). We find none.

There being no error, the report is dismissed.

Daniel H. Rider, Presiding Justice<br/>Richard O. Staff, Justice<br/>Charles E. Black, Justice

This certifies that this is the opinion of the Appellate Division in this cause.
**Patricia D. Minotti, Clerk**