Patricia A. ARBEITMAN,
Plaintiff–Appellant,

v.

MONUMENTAL LIFE INSURANCE
COMPANY, Defendant–
Respondent.

No. 65257.

Missouri Court of Appeals,
Eastern District,
Division One.

July 5, 1994.

Michael A. Wolff, Charles A. Seigel, III, Seigel & Wolff, St. Louis, for appellant.

Clark H. Cole, Timothy J. Prosser, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Plaintiff, Patricia A. Arbeitman, appeals from the trial court's grant of summary judgment in favor of defendant, Monumental Life Insurance Company. We reverse and remand.

Plaintiff was the beneficiary of two insurance policies on the life of her husband (insured) which were issued by Monumental Life Insurance Company (Monumental). Each policy provided for payment of an accidental death benefit in the amount of $5,000.00 to plaintiff. The insured was killed in the crash of a helicopter that he was piloting. Under the provisions of both poli-

cies, recovery was excluded if accidental death resulted "directly or indirectly from, or is caused or contributed to by ... [t]ravel, flight or descent from any kind of aircraft ... which the insured is aboard to perform specific duties, whether applicable to the operation of the aircraft or not."

After the insured's death, plaintiff made claim for the benefits due under both policies. When Monumental refused to pay, plaintiff brought the present action. Monumental filed a motion for summary judgment on the basis that the insured was not entitled to accidental death benefits because, as the pilot of the helicopter, he was aboard the aircraft "to perform specific duties." The court granted summary judgment in favor of Monumental.

Plaintiff's sole point on appeal is that the trial court erred in entering summary judgment in favor of Monumental. The salient issue is whether the insured's piloting of the helicopter constituted the performance of "specific duties" with regard to the aircraft, such that plaintiff's recovery is barred under the exclusionary clause.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom judgment was rendered. *Bruner v. City of St. Louis*, 857 S.W.2d 329, 332 (Mo.App.E.D. 1993). Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c).

Insurance policies are contracts, and the rules of contract construction apply. *State Farm Fire and Cas. Co. v. Metcalf, by Wade*, 861 S.W.2d 751, 755 (Mo.App.S.D. 1993). The words of an insurance contract are given their ordinary meaning. *Id.* Exclusionary clauses in insurance contracts are to be strictly construed against the insurer. *Ins. Co. of the State of Pennsylvania v. West Plains Air, Inc.*, 637 S.W.2d 444, 446 (Mo. App.1982). If exclusionary clauses are ambiguous, courts must adopt a construction favorable to the insured. *Id.* Exceptions to liability are to be construed to give the protection which the insured reasonably has a

right to expect. *Jordan v. United Equitable Life Ins. Co.*, 486 S.W.2d 664, 666 (Mo.App. 1972).

Monumental urges this court to uphold the denial of coverage based on the decisions in *Smith v. Prudential Ins. Co. of American*, 300 S.W.2d 435 (Mo.1957) and *Bernstein v. Fidelity Union Life Insurance Co.*, 449 F.Supp. 327 (E.D.Mo.1978). In *Smith*, the language in the aviation exclusion clause limited recovery if the insured died from travel or flight in an aircraft, if:

> '[T]he Insured is a pilot, officer or member of the crew of such aircraft, or is operating or assisting in the operation of such aircraft, or is giving or receiving any kind of training or instruction, or has any duties whatsoever aboard such aircraft while in flight.'

*Smith*, 300 S.W.2d at 438. The insured was a lieutenant colonel in the United States Air Force, who was flying to a conference with nine other Air Force personnel, when the airplane in which they were travelling crashed. On the flight plan the insured was listed as the copilot. *Id.* The court held that the exclusionary clause was not ambiguous and permitted plaintiff to recover only the limited benefit:

> [T]he provision would exclude from full coverage any insured dying as a result of travel in any aircraft unless he was a mere passenger. There is no dispute but that it applied to a 'member of the crew' and that the copilot was such a member.

*Id.* at 440.

In *Bernstein*, the insured was a pilot who was killed when his plane crashed while competing in an aerobatic contest. *Bernstein*, 449 F.Supp. at 331. The insurance policy excluded payment for death caused by "riding in any kind of aircraft if the Insured ... had any duties whatsoever aboard such aircraft." The court stated:

> 'The word "duties" is one that is of such common usage and well-known meaning; there can be no doubt or uncertainty as to the construction to be placed thereon. It clearly connotes the responsibility of the insured for the performance of an act or acts "relating" to the aircraft in question.

Surely, if anyone has "duties" relating to an aircraft, its travel or flight, it is the licensed pilot thereof.'

*Id.* at 331 (quoting *Smith v. Metropolitan Life Ins. Co.*, 29 N.J.Super. 478, 102 A.2d 797, 800 (1954)). The court found that, because the insured was piloting the airplane at the time of the crash, the exclusionary clause precluded recovery of the accidental death benefits. *Id.* at 331.

█ Plaintiff urges this court to adopt the holding in *Bates v. John Hancock Mut. Life Ins. Co.*, 6 Mass.App. 823, 370 N.E.2d 1386 (1978). In that case, the insured was killed in the crash of a rented plane he was piloting. *Id.* 370 N.E.2d at 1387. Under the accidental death provisions of two life insurance policies issued to the insured, recovery was excluded if accidental death resulted from " '[t]ravel, flight or descent in or from any kind of aircraft ... which the [i]nsured is aboard to perform specific duties whether applicable to the operation of the aircraft or not.' " *Id.* The Massachusetts Court of Appeals found that the phrase, "specific duties," was ambiguous because it was reasonably subject to more than one interpretation:

> That term could be read broadly to mean 'specific functions,' a reading which would support the [insurer's] contention because the insured was aboard the aircraft to perform the specific function of piloting the aircraft; or 'specific duties' could be read to mean 'legal obligations' (such as those assumed under an employment contract or in military service) in which case only pilots, flight attendants and others aboard the aircraft to discharge contractual or other legal obligations would be excluded from coverage. So read, one aboard an aircraft to perform a function, absent a legal obligation to do so, would not be excluded from coverage.

*Id.* Based upon this reasoning, the court held that the exclusionary clause did not defeat recovery for double indemnity under the life insurance policies.

The case before us is analogous on its facts to *Bates.* As in *Bates,* the insured was a private pilot at the time of the accident. Like Bates, the insured did not fly for commercial reasons and was not in military service. The language of the aviation exclusion clause at issue here is identical to the language of the exclusionary clause in *Bates.* In line with the *Bates* decision, we adopt the construction most favorable to the insured and interpret the phrase "specific duties" in the narrower sense of "specific legal obligations." We therefore find that the aviation exclusion clause in the present case does not bar the insured from coverage.

This holding is not in conflict with either the *Smith* or *Bernstein* decisions. In *Smith,* the pilot was in military service and was listed as the copilot of the airplane. In accordance with *Bates,* Smith's military status gave rise to a legal obligation with regard to piloting the aircraft. In *Bernstein,* the pilot was participating in an aerobatic contest. Although the decision does not specify whether he was under a contractual obligation to participate in the contest, it can be inferred from the dangerous nature of the contest that Bernstein was aboard the aircraft "to perform specific duties" which would bar coverage under the life insurance policy. In contrast to Bates' status, Bernstein was a pilot who would be excluded under the aviation exclusion clause because his "duties aboard [the] aircraft entail[ed] the expenditure of extensive time in flight thus increasing the risk of accident." *Bates,* 370 N.E.2d at 1388. Also, *Bernstein* is a federal district court decision and thus is not binding on this court. *Hanch v. K.F.C. Nat. Management Corp.*, 615 S.W.2d 28, 33 (Mo. banc 1981).

█ Monumental could have excluded the pilot of a private aircraft from coverage simply by inserting the appropriate language in the aviation exclusion clause in the insurance policies. "Had [insurance company] intended to exclude from coverage the risk created by the insured's function with respect to the aircraft in this case, [insurance company] could have employed plain language so as to be readily understood." *Bates,* 370 N.E.2d at 1388.

Based upon the record, the trial court erred in finding that Monumental was entitled to summary judgment as a matter of law. Plaintiff's point on appeal is granted.

The judgment of the trial court is reversed and the cause is remanded.

REINHARD and CRIST, JJ., concur.