NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-604

TRAVERS/DOMBROSKI PC

vs.

KIMBERLEAH COLLINS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, a law firm, brought this action for breach of contract against the defendant, its former client, alleging nonpayment of fees and costs in connection with the plaintiff's representation of the defendant in a Probate and Family Court case. After a jury-waived trial in Superior Court, the judge awarded the plaintiff $34,555 in damages, plus interest, costs, and fees.[1] The defendant appeals arguing that: the bill for legal services was grossly excessive; the judge's factual findings erroneously relied on the testimony of the plaintiff's sole witness; the plaintiff breached the contract, excusing her

---

[1] The court also ruled that the defendant failed to establish her counterclaim for unfair or deceptive conduct in violation of G. L. c. 93A.

from performance; and the ruling was tainted by the judge's improper bias. We affirm the judgment.

Discussion. 1. Grossly excessive fees. Neither party disputes the valid formation of the contract for legal services. Notwithstanding, the defendant maintains that the hourly fee charged by her principal lawyer, Attorney Dombroski, was excessive, in part because the bill, in hindsight, was costlier than the benefit the firm was able to secure in her child support case. She also argues that the firm performed unnecessary work and did not prove that it performed the work it claimed.

The contract provided for an hourly rate of $325 for Dombroski's work. "[C]ontracts are to be construed 'according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed.'" Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982), quoting MacArthur v. Massachusetts Hosp. Serv., Inc., 343 Mass. 670, 672 (1962). See also Suffolk Constr. Co. v. Lanco Scaffolding Co., 47 Mass. App. Ct. 726, 729 (1999) ("Contracts that are free from ambiguity must be interpreted according to their plain terms"). The defendant agreed to pay that rate, and while litigation can be expensive, nothing in the record demonstrates that Dombroski's hourly rate was unconscionable given his experience and qualifications. See G. L. c. 106, § 2-302. Consequently,

2

the judge did not err in reading the contract as written and requiring the defendant to meet her end of the bargain. See Waters v. Min Ltd., 412 Mass. 64, 67 n.3 (1992).

As to the defendant's claim that the firm billed her for unnecessary work, the judge's finding that the plaintiff did not overbill, but rather performed the work at the client's demand, is well supported by the evidence presented at trial. See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Developmental Servs., 492 Mass. 772, 799 (2023) (factual finding is not clearly erroneous when supported by record).

At trial, the defendant attempted to show that the firm did not perform the work detailed on the billing sheets documenting labor contributed to her case. But the judge found that the plaintiff did in fact perform the work as charged,[2] and, moreover, secured favorable results for the defendant. The judge also found that the defendant had knowledge of the fees the firm was generating as the litigation progressed. These findings accurately reflect the proof at trial and so are not clearly erroneous. See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509 (1997), quoting Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160 (1977) ("A finding is

---

[2] To the extent minor discrepancies in the charges might have existed, the judge found that the defendant failed to raise them in the manner provided for in the contract.

'clearly erroneous' only when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed'").

2. Dombroski's testimony. The defendant stresses that the judge improperly allowed Dombroski to testify about the work he performed under the contract and ignored the clear terms of the contract itself. The defendant further asserts that Dombroski's testimony was improper because it was hearsay.

It is true that "an unambiguous agreement must be enforced according to its terms." Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992), citing Freelander v. G. & K. Realty Corp., 357 Mass. 512, 516 (1970). Here, the contract unambiguously called for the defendant to pay an hourly rate, but the question remained whether Dombroski had performed the work he billed out; consequently, his testimony about how he litigated the case was relevant to ascertaining if the plaintiff complied with the contract's unambiguous terms. See Mass. G. Evid. §§ 401-402 (2024).

Dombroski's testimony based on his personal knowledge and recollection was properly admitted as statements of a percipient witness. See Mass. G. Evid. § 602 (2024). To the extent he

4

testified about statements the defendant made to him,[3] those statements were admissible as the statements of an opposing party and were not hearsay. See Mass. G. Evid. § 801(d)(2)(A) (2024). Embedded in the defendant's opposition to the judge's reliance on Dombroski's testimony is the notion that it was unfair for the judge to credit his version of events and decline to accept the defendant's view of what took place. It is a judge's responsibility to hear conflicting evidence and determine which narrative is true. See E.K. v. S.C., 97 Mass. App. Ct. 403, 409 (2020), quoting Altomare v. Altomare, 77 Mass. App. Ct. 601, 602 (2010) ("A trial judge's findings of fact will not be set aside unless clearly erroneous"). Making credibility determinations is part and parcel of that responsibility. See Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995) ("In a bench trial credibility is 'quintessentially the domain of the trial judge [so that her] assessment is close to immune from reversal on appeal except on the most compelling of showings'").

3. Mutual breaches. The defendant argued at trial, and argues again here, that her nonpayment should be excused because

---

[3] The defendant agreed to waive attorney-client privilege, permitting Dombroski and the nondefendant witness to testify about conversations between them.

the plaintiff breached the contract by failing to supply monthly statements as provided for in the contract. The judge found, consistent with the record, that the plaintiff did provide bills on April 11, June 5, July 24, and September 5 of 2016, but that thereafter, the plaintiff agreed to withhold further bills until the end of the case and did not forward another bill until August 7, 2017.

The defendant correctly notes that the contract says modifications to the contract need to be in writing. The judge found that the term of the contract that required monthly billing was not a material term of the contract, which is a factual finding to which we accord substantial deference. See EventMonitor, Inc. v. Leness, 473 Mass. 540, 546 (2016), citing Cetrone v. Paul Livoli, Inc., 337 Mass. 607, 610 (1958). Since the breach was not material, the defendant was not excused from performance, and still had to pay for the work her lawyer performed. See Lease-It, Inc. v. Massachusetts Port Auth., 33 Mass. App. Ct. 391, 397 (1992).

Additionally, even though the contract says that it cannot be modified orally, the judge correctly found that the agreement not to provide monthly statements was undertaken in consideration of concessions regarding interest payments on the bills, and so was a valid oral modification of the contract,

6

notwithstanding its terms.  See Zlotnick v. McNamara, 301 Mass. 224, 225-226 (1938).

4.  Judicial recusal for bias.  The defendant argues that the judge should have recused herself from the case because Dombroski was endorsed in a campaign for political office by the same Governor who appointed the judge.  The defendant knew that Dombroski was running for a State Senate seat at the time of trial, and the information concerning the circumstances of the judge's appointment was readily knowable and publicly available.  The argument could have been presented to the trial judge; because it was not, it is forfeited.  See Adoption of Iliana, 96 Mass. App. Ct. 397, 406 n.26 (2019) ("We generally do not consider a claim of bias raised for the first time on appeal").[4]

Judgment affirmed.

By the Court (Massing, Singh & Grant, JJ.[5]),

Clerk

Entered:  July 1, 2024.

---

[4] The plaintiff's request for an award of appellate attorney's fees is allowed.  The defendant shall have fourteen days after the date of this decision in which to file a response to the request and supporting documentation submitted by the plaintiff as an addendum to its brief.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

[5] The panelists are listed in order of seniority.