**Betty Ann McDONALD,
Petitioner/Respondent,**

v.

**Woodie Ray McDONALD,
Defendant/Respondent,**

**and**

**Betty Kent, Intervenor/Appellant.**

No. 54562.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 31, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

C. Christy Barton, Jefferson City, for intervenor/appellant.

William L. Webster, Atty. Gen., William E. Cornwell, Asst. Atty. Gen., Jefferson City, for amicus curiae.

Richard Goldstein, Div. of Child Support, Cape Girardeau, for petitioner/respondent.

SMITH, Presiding Judge.

Intervenor, Betty Kent, appeals from the judgment of the trial court denying her motion to quash execution and set aside a sale pursuant thereto. We reverse and remand.

In 1972 the circuit court entered judgment in a divorce action between Woodie McDonald and Betty McDonald. In that decree the court ordered Woodie to pay $12.50 per week per child in support of three minor children. In August 1987, an arrearage of $19,196.73 plus interest existed in the child support. In September 1987, Betty McDonald, (hereinafter sometimes referred to as plaintiff) acting through the Missouri Division of Child Support Enforcement obtained a writ of execution seeking to levy upon a 1958 Chevrolet Corvette. The vehicle was titled in the joint names of Woodie McDonald and Betty Kent (hereinafter sometimes referred to as intervenor), his sister, a fact known to Betty McDonald at the time of the issuance of the execution. Original execution was attempted at the residence listed on the title but the vehicle could not be located there. A second writ was issued directed to Perry County and identifying the home of the mother of Woodie and Betty Kent as the location of the vehicle. The vehicle was located there and seized. No pre-seizure

notice was given to either Woodie or Betty Kent.

After the seizure Betty Kent became aware of the seizure and was orally advised that the vehicle would be sold, but no other particulars were given. On November 16, the vehicle was sold for $7,850. No written personal notice of the fact of sale or the date and time of sale was given to either Woodie or Betty Kent prior to the sale. No such notice was mailed to either the address shown on the title or the place where the seizure occurred. The sheriff of Perry County did post three notices within the county purportedly to meet the requirements of Sec. 513.145 RSMo 1986.[1]

The notice posted by the sheriff stated:

"... I have levied upon and seized *all the right, title, and interest of said respondent* [Woodie] *in and to the following described personal property* to wit: 1958 Chevrolet Corvette ... and I will [setting forth date, time and place] sell at public vendue, for cash, to the highest bidder, all of the above described personal property, or so much thereof as will be necessary to satisfy said execution and costs." (Emphasis supplied).

The sheriff's bill of sale reflected that he sold to the highest bidder *"all the said above described personal property,* to wit: (1) 1958 Chevrolet Corvette ..." (Emphasis supplied). It further gave to the purchasers "to have and to hold, the right, title and interest hereby conveyed...." The parties and the trial court agree that the bill of sale conveys the entire automobile including all interest therein of Betty Kent. Betty McDonald then filed a motion to disburse funds. The motion alleged that the Circuit Clerk had possession of $7850 pursuant to an execution, levy and sale of the 1958 Chevrolet *"jointly owned* by the respondent [Woodie] and his sister, Betty Kent." (Emphasis supplied). The motion to disburse sought distribution of one-half of the net proceeds to Betty McDonald and one-half to Betty Kent. Copies of the motion to disburse were mailed to Woodie and Betty Kent at the address where the ve-

hicle was seized. Within a week of the date of mailing of the motion to disburse counsel entered his appearance for Betty Kent and sought and was granted leave to intervene.

Following a hearing the trial court entered its order denying intervenor's motion to quash execution and set aside sale on the basis that "Section 454.528 is constitutional and that intervenor's interest can be protected by this court's order to disburse funds." It then ordered distribution of one-half of the sale price to Betty Kent and one-half less costs and fees of the sheriff's sale to Betty McDonald. This appeal followed.

▮▮▮ In this court intervenor has raised challenges to the constitutionality of Sec. 454.528 RSMo 1986, on the basis that allowing sale of intervenor's interest in the property violates Article I, § 28 of the Missouri Constitution and that the absence of a notice requirement in the statute prior to seizure and sale is a violation of the 14th Amendment to the United States Constitution and Article I, Sec. 10 of the Missouri Constitution. Resolution of these constitutional challenges would require transfer to the Supreme Court as we lack jurisdiction of such issues on a direct appeal. Art. V, Sec. 3, Mo. Const. For two reasons we conclude that transfer is not mandated. First the matter has not been preserved under the requirements of *City of St. Louis v. Butler*, 358 Mo. 1221, 219 S.W.2d 372 (1949) [5, 6], inasmuch as the questions were not raised at the first available opportunity and the sections of the Constitution claimed to have been violated were not specified. In that connection several of the challenges made before us were not advanced on the same theory in the trial court. Secondly, the constitutional issues are presented only if the statute authorizes the actions of which intervenor complains. We are unable to conclude that the statute is subject to the interpretation placed upon it by the trial court as will be hereafter discussed. *Juengel v. City of Glendale*, 161 S.W.2d 408 (Mo.1942) [1–4].

---

1. The statute actually requires notices posted in the township, not merely the county, of sale.

The record does not reflect that the township requirement was met.

Intervenor's remaining challenge to the validity of the trial court's order requires us to examine the procedure and reach of Sec. 454.528. That statute was enacted in 1986 for the apparent purpose of allowing greater opportunity to collect unpaid child support from recalcitrant parents. It provides essentially for execution against real or personal property held jointly (except for entireties property) when one of the joint owners is a person who owes a duty of support. We have been cited to no Missouri cases, nor have we found any, dealing with this statute. The thrust of intervenor's objection to the trial court's action in denying her motion to quash and set aside is that she received no notice of the seizure or the sale prior to either occurring and that in any event her interest in the automobile cannot be sold because of her joint owner's legal obligations.

■ The statute does not specifically provide for notice to the joint owners either pre-seizure or pre-sale. Sec. 513.145, the general law on executions does provide for notice through posting when sale of personal property under execution is sought. See also Rule 76.13.[2] Posting did occur here. We note, however, that the posted notice did not comply with the sale as actually conducted. The notice stated that the sheriff had seized the right, title and interest of Woodie in the Corvette and that he would sell the personal property seized. The property seized was Woodie's interest in the vehicle. Such a notice conveys to the reader that the sale will consist of the interest of Woodie in the vehicle, nothing more. In fact the sale was of the entire vehicle including the interest of Betty Kent. In the improbable event that Betty Kent had actually seen the notices posted she could reasonably believe that no interest of hers was to be included in the sale. The bill of sale from the sheriff went beyond the notice and included property i.e.: Betty Kent's interest, not included in the notice.

■ A more fundamental problem, however, exists. It has been clearly established that due process requires that the best notice possible must be given before property can be judicially taken away from anyone. *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), S.Ct. at [3–6]. The law will imply notice when it is legally required. *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (banc 1951) [7].

■ It is difficult to understand why the General Assembly failed to specifically include a notice requirement in Sec. 454.528. Paragraph 3 of that section provides that "unless one or more of the joint owners presents to the court within ten days after the return date of the execution, a true copy of a prior written agreement setting forth the various interests of the joint owners ... it shall be presumed that the interests of the joint owners are equal." Paragraph 4 authorizes interpleader by a third party in possession of jointly owned property upon being served with the execution. Paragraph 5 provides that a joint owner may petition the court for a determination that the interests of the joint owners are disproportionate. See also Sec. 513.130 RSMo 1986. None of these provisions can have any benefit to a joint owner in the absence of notice to him of the execution and sale. While it can be acknowledged that there will be cases in which the fact of joint ownership will be unknown, clearly the statutory scheme contemplates that a known joint owner be made aware of the proceedings if possible. Such a requirement is engrafted upon the statute by operation of law.

■ Betty Kent has challenged the absence of notice both as to the seizure and the sale of the vehicle. Plaintiff contends that inasmuch as this was a post-judgment seizure no notice of the seizure was required. That misconceives the fact that as to Woodie the seizure was post-judgment but that as to intervenor it was clearly

---

**2.** Rule 76.13 is in contrast to Rules 76.16 and .17 involving real property which require personal or mail service on the owner of the land. Rule 76.13 closely tracks Sec. 513.145. Rule 76.17 expands Secs. 513.205 and 513.225 which require personal service only on owners residing in a county other than where the land is located.

pre-judgment as no judgment existed as to intervenor. Pre-judgment seizures require notice as a matter of due process. *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) S.Ct. at [32–34]. No attempt was made to notify the intervenor of an impending seizure of her personal property and in fact she had no notice of any kind until after the seizure. She was known to plaintiff as a co-owner of the property and she was not a judgment debtor. As to her, the seizure was invalid because of the failure to provide notice.

This is equally true as to the sale. Prior to the sale intervenor was never given notice and therefore an opportunity to establish the extent of her interest in the property. It is difficult indeed to conceive how a proper sale can be held where the extent of the interest to be sold has not been determined. As we will hereafter discuss the statute authorizes sale only of the interest of the judgment debtor. It is difficult to believe that any bidder could be found to make a reasonable and fair bid on the interest of the judgment debtor when he is unaware of the extent of the debtor's interest in the property. Explicit in the statutory presumption of 454.528.3 of equal interests in the property by the joint owners is the prior opportunity of a joint owner to establish a disproportionate ownership. Procedures for this are set forth in paragraphs 3 and 5 of Sec. 454.528 and Sec. 513.130, but any such procedures are dependent on notice to the joint owner that her interest in the property is at risk. Despite the fact that after the seizure plaintiff had two addresses available through which intervenor might be contacted, the address on the title and the address where the vehicle was found, no attempt was made to provide notice to her. Only after the sale had occurred and plaintiff sought an order to disburse was any attempt made to notify intervenor of the proceedings. In less than a week after notice was mailed an attorney for intervenor entered his appearance and filed a motion for intervention. There is no basis for plaintiff's conclusion that prior attempts to notify intervenor would have been futile, if indeed that could serve as a justification for not even trying.

■ We further reject plaintiff's contention that because intervenor knew the vehicle had been seized and had been told that it would be sold that she bore the obligation of determining the legal status of the vehicle. It is plaintiff who is seeking to exercise dominion over property belonging at least in part to intervenor, and it is plaintiff's burden to see that the person whose property she has seized and intends to sell is advised of plaintiff's attempted dominion over and control of that property. *Mennonite Board of Missions v. Adams, supra.*

■ Finally, we have searched the statute in vain for any statement that it authorizes the sale of any interest in the property other than that of the judgment debtor, referred to as the "obligor." Paragraph 1 provides that "the interest of one or more owners of any real or personal property held in joint tenancy ... are subject to execution as provided in this section for the sole purpose of enforcing judgments or orders for child support or maintenance." Paragraph 5 provides an authorization for execution "against *obligor's share* for satisfaction of the child support or maintenance obligation." An "obligor" is defined in paragraph 2 as "a person who owes a duty of support as determined by a court or administrative agency of competent jurisdiction."

The execution is limited to the interest of the obligor. The "one or more" language of paragraph 1 obviously relates to obligors, both of whom have a support obligation, who are joint owners of property as for instance with divorced parents. To interpret the statute as allowing the execution and sale of property belonging to a non-obligor would cause serious questions under Art. I., Sec. 28, Mo. Const. prohibiting the taking of private property for private use *"with or without compensation."* Distributing the proceeds of the sale in part to the non-obligor joint owner facially at least constitutes a taking "with compensation." It is questionable at best that receiving the proceeds of a forced sale is equivalent to the ownership of the property

or the ability to dispose of it on an open market. Statutes should be construed to avoid constitutional confrontations. The language of the statute authorizes a construction that it permits execution and sale only of the interest of the obligor in the jointly owned property. There existed no statutory authority for the sale by the sheriff of the interest of the intervenor.

Judgment of the trial court reversed and cause remanded with instructions to quash the execution and set aside the sale.

STEPHAN and SATZ, JJ., concur.