**Betty Ann McDONALD,**
**Plaintiff–Appellant,**

**v.**

**Woodie Ray McDONALD,**
**Defendant–Respondent.**

**and**

**Betty Kent, et al., Intervenors.**

**No. 57830.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1990.

Richard M. Goldstein, Arthur H. Nissenbaum, St. Louis, Nancy Lee Brown, Cape Girardeau, for plaintiff-appellant.

Woodie McDonald, St. Louis, pro se.

Charles R. Willis, St. Louis, for defendant-respondent.

REINHARD, Judge.

This is an appeal from an order made at the direction of this court quashing the execution and setting aside the sale of a 1958 Chevrolet Corvette jointly owned by defendant and intervenor Kent. We affirm in part and remand.

In 1972 plaintiff, Betty Ann McDonald, and defendant, Woodie McDonald, received a decree of divorce that obligated defendant McDonald to pay $12.50 per week per child in support of his three minor children. As of August 1987, this obligation had accumulated to $19,196.73. Plaintiff, with the aid of the Missouri Division of Child Support Enforcement, obtained a writ of execution to levy upon the 1958 Corvette. The car was owned jointly by defendant and by his sister Betty Kent. The car was sold to intervenors Robert and Lisa Pacanowski at a sale held by Sheriff Schmidt. The sale proceeds were divided equally between Mrs. McDonald and Betty Kent. Upon appeal by Mrs. Kent this court determined that the execution and sale were wrongful as to her interest in the car and the court ordered the sale set aside. *McDonald v. McDonald*, 766 S.W.2d 715 (Mo.App.1989).

◼ The mandate was as follows: "... the cause remanded to the ... court with directions to quash the execution and set aside the sale in accordance with the opinion of this Court herein delivered January 31, 1989." The trial court in compliance with our order quashed the execution and ordered the sale set aside. The plaintiff contends the order violates the opinion and mandate of this court in *McDonald, supra.* It is well settled that the mandate is not to be read and applied in a vacuum. The opinion is part of the mandate and must be used to interpret the mandate itself. *Manor v. Manor*, 706 S.W.2d 603, 605 (Mo.App. 1986).

◼ Plaintiff specifically contends that the court below on remand misinterpreted the mandate and should have only nullified those actions that related to Betty Kent and left untouched those related to Woodie McDonald. Our reading of the opinion and mandate suggests otherwise. This court in *McDonald* gave two reasons for its decision to set aside the execution and sale. The first, that notice to Betty Kent was defective, relates only to her interest in the property and indeed does not affect the validity of the execution and sale of Mr. McDonald's interest.

The second flaw discussed by this court was fatal to the entire execution and sale. The statute upon which the execution was based, § 454.528, RSMo 1986, requires that the court determine the various interests of the owners in the subject property so that only the interest of the debtor is used to satisfy the obligation. Because Mrs. Kent did not receive notice she did not offer evidence as to her interest.

"It is difficult indeed to conceive how a proper sale can be held where the extent of the interest to be sold has not been determined." *McDonald v. McDonald*, 766 S.W.2d 715, 719 (Mo.App.1989).

We find no error in the trial court's order setting aside the entire sale as it faithfully executed the mandate of this court.

◼ Plaintiff also argues that the trial court erred in neglecting to order Mrs. Kent to return the monies paid her after the sale. Defendant counters by contending that the court below was required to strictly follow the mandate of this court and could take no other action. They cite *Morrison v. Caspersen*, 339 S.W.2d 790 (Mo.1960) in support of this position. De-

fendant erred by applying *Morrison* too broadly. Its basic premise, which is not relevant here, is that a trial court may not take action that is contrary to the mandate from an appellate court.

The circuit court, on remand, has the authority to enter a judgment consistent with the opinion and the mandate. "This connotes the power to make all necessary rulings on undisposed points." *Noll v. Shelter Ins. Companies,* 774 S.W.2d 147, 150 (Mo. banc 1989). This flexibility is required because the mandates and opinions of this court are not self-executing. *Durwood v. Dubinsky,* 361 S.W.2d 779 (Mo.1962). The right to restitution exists even if it is not specifically ordered by the Court of Appeals. *DeMayo v. Lyons,* 360 Mo. 512, 228 S.W.2d 691, 693 (1950). That principle applies here and the court should have ordered the return of the money by Mrs. Kent and Mrs. McDonald.

Thus we hold that while the court below acted correctly in entering judgment as mandated by this court, its task is not finished until the consequences of the execution and sale have been resolved. We remand back to the circuit court for further proceedings not inconsistent with this opinion.

CRANDALL, C.J., and STEPHAN, J., concur.