**Loretta McDONOUGH,**
**Respondent/Plaintiff,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY, INC., Appellant/Defendant.**

No. 68245.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Denied
May 28, 1996.

Riethmann, Valentine & Rouse, Michael A. Shaughnessy, Jr., St. Louis, for appellant.

Susman, Schermer, Rimmel & Shifrin, Norton Y. Beilenson, Joy D. McMillen, St. Louis, for respondent.

AHRENS, Presiding Judge.

Plaintiff, Loretta McDonough, instituted this action against defendant, Liberty Mutual Insurance Company, Inc. ("Liberty Mutual") claiming breach of contract and vexatious refusal to pay in Count I and negligence in Count II after Liberty Mutual refused to defend plaintiff in a suit brought by Michael and Teresa Schiff. The parties submitted cross-motions for summary judgment. The trial court granted plaintiff's motion as to Count I, denied plaintiff's motion for summary judgment on Count II, and denied defendant's motion on both counts. Defendant appeals the granting of plaintiff's summary judgment motion as to Count I. We reverse and remand with instructions.[1]

---

1. Our original opinion was handed down on February 13, 1996. Plaintiff thereafter filed a motion to vacate the opinion for lack of jurisdiction. We have withdrawn our original opinion on the

On appeal from summary judgment, the appellate court views the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment shall be entered when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c). As summary judgment is an issue of law, our review is essentially de novo. *ITT Commercial Finance Corporation,* 854 S.W.2d at 376.

■ The facts, viewed in the light most favorable to Liberty Mutual, are as follows:

Michael and Teresa Schiff filed suit against plaintiff in her capacity as trustee of the Terrace Gardens Subdivision. The Schiffs' lawsuit arose from the refusal of the trustees of Terrace Gardens Subdivision to allow the Schiffs to construct a hockey rink on their property within the subdivision. Count I of the Schiffs' petition requested declaratory judgment regarding their right to build the ice rink. Count II consisted of a claim for promissory estoppel.

Pursuant to two insurance policies issued to plaintiff, a homeowners policy and a personal catastrophe liability (or umbrella) policy, plaintiff requested Liberty Mutual to defend her against the Schiff suit. Liberty Mutual refused to provide plaintiff's defense, claiming the policies issued to plaintiff did not provide coverage for the type of claims asserted by the Schiffs. Plaintiff hired an attorney and financed her own defense to the Schiff suit. The case was tried by the court which found in favor of plaintiff and against the Schiffs on both counts.

Following Liberty Mutual's refusal to defend, but prior to the disposition of the Schiff lawsuit, plaintiff brought suit against Liberty Mutual asserting alternative claims for breach of contract/vexatious refusal to pay and negligence. The trial court granted plaintiff's motion for summary judgment on the breach of contract claim and denied the motion for summary judgment on plaintiff's

court's own motion and filed this opinion which

negligence claim. Liberty Mutual appeals the former ruling.

We set out the relevant provisions of each insurance policy below for purposes of discussion:

*Liberty Guard Deluxe Homeowners Policy*

SECTION II—LIABILITY COVERAGES

COVERAGE E—Personal Liability

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the **insured** is legally liable....

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent....

&ast; &ast; &ast; &ast; &ast; &ast;

DEFINITIONS

5. **"occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

 a. **bodily injury;** or

 b. **property damage.**

6. **"property damage"** means physical injury to, destruction of, or loss of use of tangible property.

*Liberty Guard Personal Catastrophe Liability Policy*

I. DEFINITIONS

7. **"property damage"** means: (a) injury to or destruction of tangible property; (b) injury to intangible property sustained by an organization as the result of eviction, malicious persecution, libel, slander, or defamation.

addresses plaintiff's motion.

## III. DEFENSE COVERAGE, ASSISTANCE AND COOPERATION

If a suit is brought against an **insured** for **personal injury** or **property damage** covered by this policy, but not covered by any **underlying policy** or any other insurance, we will:

> a. defend the **insured,** even if the suit is groundless or fraudulent. . . .

 In Liberty Mutual's first point, it argues the trial court erred in granting plaintiff's motion for summary judgment because the claim asserted against plaintiff by the Schiffs was not covered by either policy issued to plaintiff by Liberty Mutual. When determining an insurer's duty to defend, we look to the insurance policy provisions and the allegations of the petition charging liability to the insured. *Steve Spicer Motors v. Federated Mutual Insurance Co.,* 758 S.W.2d 191, 193 (Mo.App.1988). Unless the facts alleged in the petition come within the coverage of the insurance policy, the insurer has no duty to defend the insured. *Id.*

Liberty Mutual contends the policies it issued to plaintiff provide "coverage only when a claim or lawsuit alleged money damages as a result of an occurrence producing bodily injury or property damage or personal injury." The Schiffs' petition contained counts in declaratory judgment and promissory estoppel. It prayed for declaratory relief, specific performance and an award of costs and attorney's fees.[2] Liberty Mutual based its denial of coverage on three grounds: (1) the Schiffs' petition did not request monetary damages; (2) no "occurrence," as defined by the homeowners policy, took place; and (3) the Schiffs sustained no bodily injury or property damage as a result of plaintiff's actions. Because we are dealing with two insurance policies, we must apply these three grounds to each policy, separately.

Interpretation of the meaning of an insurance policy is a question of law for the trial court. *Chase Resorts, Inc. v. Safety Mutual Casualty Corp.,* 869 S.W.2d 145, 150 (Mo. App.1993). We are presented with the same record as was viewed by the trial court and thus, we do not defer to the trial court's interpretation of the policy.

The homeowners policy covers suits or claims brought against the insured "for damages." Liberty Mutual interprets damages to mean monetary damages. Plaintiff counters that neither of the policies explicitly states that damages means monetary damages and that the use of the term in one policy and its absence in the other creates an ambiguity which should be resolved in favor of the insured. When determining whether an insurance policy, or any other contract, contains ambiguous language, the court examines the four corners of the document. *Arbeitman v. Monumental Life Insurance Co.,* 878 S.W.2d 915, 916 (Mo.App.1994). Extrinsic evidence is not considered when determining ambiguity. Therefore, we look only at the language of the homeowners policy when considering whether damages is ambiguous. The absence of the term in the umbrella policy has no bearing on its meaning in the homeowners policy.

 In construing insurance policies we are to give the language of the policy its ordinary meaning. *Id.* Unless an ambiguity exists or statute or public policy require otherwise, the policy must be enforced as written. *Jasper v. State Farm Mutual Auto. Ins. Co.,* 875 S.W.2d 954, 957 (Mo.App.1994); *Hempen v. State Farm Mutual Auto Ins. Co.,* 687 S.W.2d 894 (Mo. banc 1985). Ambiguity exists when the language of an insurance policy reasonably and fairly is open to different constructions. *Standard Artificial Limb, Inc. v. Allianz Insurance Co.,* 895 S.W.2d 205, 209 (Mo.App.1995). Ambiguity arises when there is "duplicity, indistinctness or uncertainty in meaning." *Id.* There is nothing in the language of the homeowners policy which creates a duplicity or uncertainty as to the term damages. We find no inconsistencies in the use of the term within the policy, and therefore, no ambiguity. We must enforce the homeowners policy as written giving the term damages its ordinary meaning.

---

**2.** The request for attorney's fees was later stricken from the petition by the Schiffs.

■ Black's Law Dictionary defines damages as "[a] pecuniary compensation or indemnity ... [a] sum of money awarded to a person injured by the tort of another." Black's Law Dictionary, p. 351 (5th ed. 1979). The term is defined by Webster's Dictionary as "compensation in money imposed by law for loss or injury." Webster's Ninth New Collegiate Dictionary, p. 323 (1991). Although our research has produced no cases which define the term, we believe the dictionary references reflect the plain meaning of damages. We agree that damages, as used in the homeowners policy issued to plaintiff, is limited to monetary damages and does not include equitable relief. The Schiffs' petition requested declaratory judgment and specific performance which are forms of equitable relief, not damages.

Plaintiff contends that the attorney's fees and costs and expenses requested fulfill the damages requirement of the policy; but those items are not the relief for which the Schiffs sued. Attorney's fees, costs and expenses are merely incidental to the equitable relief requested. For these reasons, we find the Schiffs' suit did not fall within the damages requirement of the homeowners policy issued to plaintiff and consequently is not covered by that policy.

■ Moreover, the circumstances underlying the Schiffs' suit do not meet the occurrence requirement of the homeowners policy. The homeowners policy issued to plaintiff by Liberty Mutual covers bodily injury or property damage *caused by an occurrence.* The policy defines occurrence as an accident, "including ... exposure to ... harmful conditions." As noted above, the words of an insurance policy are to be given their ordinary meaning unless otherwise defined. *Arbeitman,* 878 S.W.2d at 916; *Shaffner v. Farmers Mutual Fire Insurance Co. of St. Clair County,* 859 S.W.2d 902, 907 (Mo.App. 1993).

■ In this instance, there was no accident or exposure to harmful conditions of any type, and thus, no occurrence. The Schiffs

were prevented from installing a hockey rink on their property by the act of a governing body, the board of trustees. The homeowners policy issued to plaintiff provides no coverage for acts of governing bodies, and consequently, Liberty Mutual was not obligated under the homeowners policy to defend plaintiff in the Schiffs' lawsuit.

■ The coverage provisions of the homeowners and umbrella policies differ. The umbrella policy does not contain the damages and occurrence requirements of the homeowners policy. In order for a suit to be covered by the umbrella policy, it must be brought against the insured "for personal injury or property damage." Liberty Mutual contends the Schiffs did not sustain bodily injury or property damage as a result of plaintiff's actions. There is no evidence of bodily injury and the Schiffs' petition makes no such allegations so we will not address it.

The umbrella policy defines property damage as "injury to or destruction of tangible property." [3] The Schiffs' petition did not allege any injury to or destruction of their property. In fact, plaintiff's only argument that the Schiffs had a claim for property damage relies on the contention that the Schiffs suffered a loss of use of their property. Although loss of use is a type of property damage under the homeowners policy, it is not considered property damage under the umbrella policy. Property damage, as defined by the umbrella policy, did not result from plaintiff's actions. Thus, we find no coverage under the umbrella policy.

■ Plaintiff also contends Liberty Mutual should be bound to defend her against the Schiffs' lawsuit because of representations made to her by Liberty Mutual's agent Donald Schweppe. Plaintiff testified in her Answers to Interrogatories that Mr. Schweppe had assured her the homeowners and umbrella policies would protect her in her capacity as trustee. Plaintiff cites *Mills v. Cameron Mutual Insurance Co.,* 674 S.W.2d 244 (Mo.App.1984), as authority for binding an insurer based on representations of its agent.

---

**3.** The second part of the definition concerns intangible property and thus is irrelevant to our discussion.

However, *Mills* is distinguishable. The plaintiff in *Mills* requested reformation of the insurance contract because of mutual mistake; no such remedy was requested in this instance. In this case, plaintiff is asking to bind Liberty Mutual under the contract as written rather than reforming the contract to meet her understanding of the coverage. Additionally, the contract in *Mills* was unclear as to what property was insured. The insurance policies issued to plaintiff clearly do not cover her actions as trustee.

We follow the general rule that "an insurer's agent cannot bind an insurer by a construction of a policy which is contrary to the plain meaning of language used in the policy and would vary its terms." *St. Paul Fire and Marine Insurance Co. v. Starr,* 651 S.W.2d 517, 521 (Mo.App.1983). Liberty Mutual is not bound by the representations of its agent which contradict the language of the policies issued to plaintiff. Point one is granted.

▐ Liberty Mutual's second point contends the trial court erred in granting plaintiff's motion for summary judgment as to vexatious refusal to pay and awarding damages to plaintiff on that basis. Section 375.296 RSMo, 1994 requires an insurer's refusal to pay to be "vexatious and without reasonable cause" before damages will be awarded. Missouri courts have interpreted the statute to require refusal which is willful and without reasonable cause. *Oliver v. Cameron Mutual Insurance Company,* 866 S.W.2d 865, 870 (Mo.App.1993); *Mears v. Columbia Mutual Insurance Company,* 855 S.W.2d 389, 394 (Mo.App.1993). Because the insurance policies issued to plaintiff by Liberty Mutual did not cover plaintiff's liability in the Schiff suit and because Liberty Mutual refused to defend plaintiff on that basis following an investigation of the claim, it cannot be said that Liberty Mutual acted vexatiously in refusing to defend plaintiff. *Bickerton, Inc. v. American States Insurance Co.,* 898 S.W.2d 595, 602 (Mo.App.1995). Plaintiff's claim for vexatious refusal to pay is without merit because we find as a matter of law that defendant was not obligated to defend plaintiff in the Schiff lawsuit. Point granted.

▐ Plaintiff has filed a motion suggesting this court lacks jurisdiction over this case because the trial court's decision was not final for purposes of appeal. It is plaintiff's contention that Count II of her petition remains before the trial court for adjudication because in denying both parties' motions for summary judgment on Count II, the trial court did not dispose of that count. Plaintiff relies on Rule 74.01 which provides: "When more than one claim for relief is presented in an action ... the court may enter a judgment as to ... fewer than all of the claims ... only upon an express determination that there is no just reason for delay." Rule 74.01(b). Plaintiff argues that because the trial court did not make the express determination required by Rule 74.01(b), Count I is not final for purposes of appeal.

Plaintiff's reliance on Rule 74.01(b) is misplaced in this instance because recovery on Count II was precluded by the court's disposition of Count I. "Where the disposition of one count and the entry of a general judgment thereon operates to settle all questions, eliminate all issues as between the parties and preclude a recovery on all other counts, there is a final judgment for the purposes of appeal." *Hayes v. Cardwell,* 575 S.W.2d 816, 822 (Mo.App.1978), citing *J.G. Jackson Associates v. Mosley,* 308 S.W.2d 774, 776 (Mo. App.1958).

Count I of plaintiff's petition asserted a breach of contract claim while Count II alleged a negligence cause of action. Plaintiff asserted these two causes of action as mutually exclusive alternative theories of recovery for her alleged damages. Plaintiff cannot recover damages twice for the same injury. The court's entry of summary judgment on Count I necessarily precluded recovery on Count II. *See Clayton Brokerage Company of St. Louis, Inc. v. Raleigh,* 679 S.W.2d 376, 378 (Mo.App.1984). All questions and issues between the parties were settled by the trial court's entry of summary judgment on Count I. For these reasons, the trial court's judgment was final for purposes of appeal and thus, this court acquired appellate jurisdiction over the action.

Having found the court erred in its granting of plaintiff's motion for summary judg-

ment as to Count I of her petition and having found Liberty Mutual had no obligation under the insurance coverage issued to plaintiff to defend her in the suit instituted against her by the Schiffs, we reverse and remand with instructions to enter summary judgment for defendant Liberty Mutual on Count I and for further proceedings on Count II.

PUDLOWSKI and GRIMM, JJ., concur.