Loretta McDONOUGH, Plaintiff–Appellant,

v.

LIBERTY MUTUAL INSURANCE CO., and Donald H. Schweppe, Defendants–Respondents.

No. 72947.

Missouri Court of Appeals, Eastern District, Division Three.

May 12, 1998.

Susman, Schermer, Rimmel & Shifrin, L.L.C., Norton Y. Beilenson & Don V. Kelly, St. Louis, for appellant.

Riethmann, Valentine and Rouse, Michael A. Shaughnessy, Jr., St. Louis, for respondent.

KAROHL, Judge.

Plaintiff, Loretta McDonough, appeals summary judgment in favor of defendants, Liberty Mutual Insurance Company (Liberty Mutual) and Donald Schweppe. We previously reviewed part of this dispute. *McDon-* *ough v. Liberty Mut. Ins. Co.,* 921 S.W.2d 90 (Mo.App. E.D.1996) (*McDonough I* ). After we held Liberty Mutual's policies did not cover McDonough's damages and remanded, the trial court entered judgment in favor of Liberty Mutual on Count I in conformity with our mandate. On Count II, it ruled for Liberty Mutual and Schweppe because "recovery on [Count II] was precluded by the Court's disposition of Count I. . . ." The issues on appeal include: (1) whether an intervening decision of the Supreme Court alters the law controlling the disposition on Count I; and, (2) whether the trial court's judgment on Count II conformed with the order of remand.

McDonough purchased two policies, a homeowner's policy and an umbrella policy, from Donald Schweppe, an agent of Liberty Mutual. Michael and Teresa Schiff filed a declaratory judgment action against McDonough as a trustee, as well as, other trustees of their subdivision, Terrace Gardens. They alleged the trustees refused to allow them to construct a hockey rink on their residential property. They requested a declaratory judgment and other equitable relief along with attorney's fees and costs. McDonough tendered the defense to Liberty Mutual. It denied coverage and refused to defend. McDonough successfully defended at her own expense. She filed this suit alleging breach of contract and vexatious refusal to pay in Count I. In the alternative, she alleged negligence for failing to provide a policy with the coverage requested in Count II.

The trial court granted summary judgment to McDonough for $33,289 on her breach of contract and vexatious refusal claim in Count I. It did not consider the alternate claim on Count II. Liberty Mutual appealed.

On appeal in *McDonough I,* we found Liberty Mutual had no obligation under either policy to defend McDonough in the suit brought by the Schiffs. *McDonough,* 921 S.W.2d at 95. For various independent reasons we reversed and remanded. *Id.* at 96. We directed the trial court "to enter summary judgment for Liberty Mutual on Count I and for further proceedings on Count II." *Id.*

Prior to the trial court's decision on remand, our Supreme Court overruled one of the two grounds for our reversal of the judgment for McDonough regarding the homeowner's policy. *Farmland Indus., Inc. v. Republic Ins. Co.*, 941 S.W.2d 505, 509 (Mo. banc 1997). On remand, the trial court entered summary judgment in favor of Liberty Mutual on Count I in accord with our mandate. Then, it added a judgment in favor of Liberty Mutual and Donald Schweppe on the negligence claim on Count II. McDonough appeals the disposition of both counts.

■■ McDonough argues the intervening decision in *Farmland* requires reversal of our finding in favor of Liberty Mutual on Count I. Generally, in the absence of a change in issues or evidence, our previous holding becomes the law of the case and concludes any issues decided on remand and on subsequent appeal from summary judgment. *Kansas City v. Keene Corp.*, 855 S.W.2d 360, 366 (Mo. banc 1993). However, there are exceptions. *Poe v. Illinois Cent. Ry. Co.*, 339 Mo. 1025, 99 S.W.2d 82, 83 (1936).

In *McDonough I*, we found neither the homeowner's policy, nor the umbrella policy provided coverage to McDonough for the Schiffs' suit. *McDonough*, 921 S.W.2d at 95. We decided the homeowner's policy did not provide coverage for two reasons. First, the homeowner's policy provided coverage for suits or claims brought against the insured "for damages." *Id.* The term damages was not defined in the policy. *Id.* at 93. We found the term damages was limited to monetary damages and did not include equitable relief including specific performance sought in the Schiffs' suit. *Id.* at 94. *Farmland* subsequently overruled this conclusion. *Farmland*, 941 S.W.2d at 509.

Second, the policies covered an insured for damages because of bodily injury or property damage caused by an "occurrence." *McDonough*, 921 S.W.2d at 94. The homeowner's policy defined an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in bodily injury; or property damage." *Id.* The Schiffs' suit did not allege an occur-

rence. *Id.* This issue was not in *Farmland*. Further, the umbrella policy provided coverage for personal injury and property damage. Personal injury was not in issue. *Id.* Umbrella policy coverage for property damage was limited to damage to tangible property, not loss of use alleged in the Schiffs' suit. *Id.*

The Supreme Court discussed *McDonough I* and observed the holding may remain sound because it rested on two separate grounds, only one of which it overruled. *Farmland*, 941 S.W.2d at 509. Accordingly, we affirm the trial court's finding of summary judgment on Count I after considering the holding in *Farmland*. Our opinion concluded the dispute on Count I and became the law of this case, not subject to a challenge based on *Farmland*.

■ McDonough argues in the alternative, she is entitled to proceed on her negligence claim in Count II. The factual and legal issues in Count II were not reached or decided before the first appeal and were not before this court during Liberty Mutual's appeal of the judgment for McDonough on Count I. She contends the trial court erred when it *sua sponte*, without an evidentiary hearing, held "recovery on this Count is precluded by the Court's disposition of Count I...."

■ We review the summary judgment on Count II in a light most favorable to appellant. *Keene Corp.*, 855 S.W.2d at 366. An order remanded for "further proceedings" is a general remand and leaves all issues open to consideration for the trial court. *Pinkston v. Ellington*, 845 S.W.2d 627, 629 (Mo.App. E.D.1992). A trial court has discretion on the mechanics of modification directed by a mandate. *Manor v. Manor*, 706 S.W.2d 603, 605 (Mo.App.1986). However, the mandate is not to be read and applied in a vacuum. *McDonald v. McDonald*, 795 S.W.2d 626, 627 (Mo.App.1990). The first opinion is part of the mandate and must be used to interpret the mandate itself. *Id.* Thus, proceedings on remand should be in accordance with the mandate and the result contemplated in the appellate court's opinion. *Associated Indus. v. Director of*

*Revenue*, 918 S.W.2d 780, 782 (Mo. banc 1996).

McDonough alleged alternative theories of recovery, breach of contract or negligence. These theories are mutually exclusive. *McDonough I*, 921 S.W.2d at 95. Nothing we said in *McDonough I*, would support finding preclusion by a judgment on one of the two alternate inconsistent theories. Plaintiff cannot recover damages twice for the same injury. *McDonough I*, 921 S.W.2d at 95. Thus, the court's original entry of summary judgment on Count I rendered the alternative theory moot and made the judgment on Count I final and appealable without reaching or deciding Count II. The trial court's entry of summary judgment settled all fact and legal issues between the parties on Count I. The law on the doctrines of preclusion, collateral estoppel, res judicata and election of remedies has no application. The absence of coverage was the only issue we decided in *McDonough I*. That conclusion of law does not adversely determine any question of fact or law to be decided in the trial on Count II.

We affirm summary judgment for Liberty Mutual on Count I. Count II is reversed and remanded.

AHRENS, P.J., and CRANDALL, J., concur.