**Paula SPELLMAN,
Claimant/Appellant,**

v.

**SENTRY INSURANCE, A Mutual
Company, Insurer/Respondent.**

**No. ED 79030.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 13, 2001.

Application for Transfer to Supreme Court
Denied Dec. 26, 2001.

Application for Transfer Denied
Feb. 26, 2002.

Carnahan & Garvin, LLC; Michael A. Garvin; St. Louis, MO; Fleming & Associates, LLP; George M. Fleming, Sylvia Davidow, D'Lisa Simons and Anita Kawaja; Houston, Texas, for appellant.

Cook & Franke S.C.; Robert F. Johnson; Milwaukee, WI, Donovan, Rose, Nester & Joley, P.C.; Michael J. Nester; Belleville, IL, for respondent.

MARY K. HOFF, Judge.

Paula Spellman (Claimant) appeals from the judgment entered after the grant of summary judgment in favor of Sentry Insurance, A Mutual Company (Insurer) in Claimant's class action[1] to determine whether Insurer was required, under the terms of its automobile insurance policy (policy), to cover inherent diminished value in damaged vehicles otherwise covered under the policy. We affirm.

The undisputed record discloses the following: Insurer issued the policy to Claimant, which contains the following relevant provisions:

### COLLISION INSURANCE

#### Our Promise to You

We promise to pay for direct and accidental damage to a car we insure and its equipment when it's hit by or it hits another object or rolls over. We'll pay for the damage minus any applicable deductible.

#### Payment of Loss Collision and Comprehensive Insurance

We may pay for the loss in cash or we may repair or replace the damaged or stolen property. We may take all or part of the damaged property at the agreed or appraised value. Before a loss is paid or the property is replaced, we may return any stolen property to you at our expense with payment for any damage.

#### Limits of Payment Collision and Comprehensive Insurance

The maximum limit for losses won't exceed the lesser of: actual cash value of the property at the time of the loss; or the amount shown on the declarations page; or the cost to repair the damage property; or the cost to replace the damaged property; whichever is less, minus any applicable deductible.

In September 1998, Claimant's automobile was damaged in an accident. Claimant notified Insurer of the accident and an

---

1. Apparently, the class action was never certified, therefore we only have Claimant before us. *See Parker v. Pulitzer Pub. Co.,* 882 S.W.2d 245 (Mo.App. E.D.1994).

adjuster inspected Claimant's vehicle. The adjuster determined repairs would cost approximately $5,400. Insurer paid for the repairs. Claimant does not allege a claim regarding the quality, extent or nature of the repairs made to her vehicle. Rather, Claimant alleges Insurer was required to pay for the alleged diminished value of her vehicle. Claimant defines diminished value as the difference between the pre-loss value of the insured automobile and its value after full and proper repair.

Subsequently, Claimant filed this class action against Insurer alleging Insurer had breached its policy with her and a class of similarly situated policyholders by not compensating them for the diminished value of their damaged and repaired vehicles.

Claimant filed a motion for partial summary judgment, with supporting documentation,[2] seeking a ruling that the policy in question provided coverage for diminished value. Insurer filed a motion to strike the documents Claimant had submitted in support of her summary judgment motion. Insurer also filed a motion for summary judgment seeking a ruling that under the clear, unambiguous terms of the policy, there is not any coverage for Claimant's claim of diminished value.

The trial court granted summary judgment in favor of Insurer, sustained Insurer's motion to strike Claimant's supporting documentation and denied Claimant's motion for partial summary judgment.

This appeal followed. Claimant raises five points. She argues the trial court erred in granting summary judgment in favor of Insurer because (1) an analysis of the policy under contract construction rules does not establish that Insurer is entitled to judgment as a matter of law; (2) the trial court did not follow Missouri precedent; (3) the trial court failed to consider the majority view of other states; (4) the trial court abused its discretion in striking Claimant's documentation in support of summary judgment; and (5) alternatively, Insurer's policy is ambiguous.

We recently addressed points 1–3 and 5 in *Camden v. State Farm Mut. Auto Ins. Co.*, 66 S.W.3d 78 (Mo.App. E.D.2001), a case involving a policy with similar language at issue. For the sake of judicial economy, we refer the parties to our decision in that case for resolution of these points in this appeal. We resolved these points against the Claimant in that case. These points are therefore, denied.

■ In her fourth point, Claimant alleges the trial court abused its discretion in striking her documentation in support of her summary judgment motion.[3] We disagree.

■ When determining whether an insurance policy or other contract contains ambiguous language, the court examines the four corners of the document. *McDonough v. Liberty Mut. Ins. Co., Inc.*, 921 S.W.2d 90, 93 (Mo.App. E.D.1996), *aff'd in part, rev'd in part on other grounds*, 968 S.W.2d 771 (Mo.App. E.D. 1998). Further, when there is no ambigui-

---

**2.** These documents were: Ex. 1 The policy; Ex. 2 a document from an insurance industry trade association proposing exclusionary language for diminished value; Ex.3 an article discussing diminished value; Exs. 4, 5 & 6 auto policies issued by different insurers in different states; Ex. 7 material used by Allstate Insurance Company in a training session on claims handling in Louisiana; and Ex.8 article and chart provided by USAA to its auto policyholders.

**3.** We note that the policy at issue in this case, one of the documents struck, was filed by Insurer with its Motion for Summary Judgment and was therefore before the trial court.

ty in the language of a contract, extrinsic evidence should not be introduced. *Daniels Exp. and Transfer Co. v. GMI Corp.*, 897 S.W.2d 90, 92 (Mo.App. E.D.1995).

The issue of ambiguity in the policy was resolved by our disposition of point five. *See Camden supra,* for full discussion. Because we found no ambiguity in the provisions on which Claimant relies, the trial court did not abuse its discretion in striking Claimant's exhibits. The fourth point is denied.

In summary, as discussed in *Camden, supra,* we find inherent diminished value is not a covered loss under the policy. Further, the trial court did not abuse its discretion in striking Claimant's exhibits.

Judgment affirmed.

MARY R. RUSSELL, P.J. and PAUL J. SIMON, J., Concur.