Donna BOWAN by her Next Friend
Audrey BOWAN, Respondent,

v.

EXPRESS MEDICAL
TRANSPORTERS,
INC., Appellant.

No. ED 85144.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 16, 2005.

Peter J. Dunne, Susan L. Thurmer, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, MO, for Appellant.

James P. Leonard, Devereaux, Stokes, Nolan & Fernandez, P.C., St. Louis, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Express Medical Transporters, Inc. ("EMT"), appeals from a judgment of the Circuit Court of the City of St. Louis. The Circuit Court, on a remand directed from this Court, awarded Respondent, Donna Bowan ("Passenger"), $208,303.79 in prejudgment interest. We affirm.

Passenger is a physically and mentally disabled individual. EMT is a non-emergency transportation company under con-

tract with the Missouri Department of Mental Health. EMT regularly provided Passenger with assisted transportation to and from her job at Lafayette Industries. Passenger was being transported home from work when the van in which she was riding was involved in an accident with another vehicle. Due to the accident, Passenger became a paraplegic and was forced to move to a nursing home.

The underlying case involved an action for negligence brought by Passenger against both EMT and a third party, Amy Jo Demery. Prior to trial, Passenger received $960,000 pursuant to an agreement made under section 537.065.[1] The agreement stated that the $960,000 payment would be applied to offset any award or judgment made in this case. EMT was held liable for the negligence of its transport driver in operating the vehicle and in failing to ensure that Passenger was wearing her seat belt. A jury awarded Passenger $3.5 million. However, Passenger was also found twenty percent at fault for failing to wear a seatbelt. Thus, the trial court awarded her $2.8 million. The trial court thereafter granted a motion filed by EMT to reduce the award by $960,000. The trial court further denied a motion by Passenger to recover prejudgment interest under section 480.040. EMT subsequently appealed.

In a 2004 opinion, we reversed the trial court's judgment with respect to the award of prejudgment interest, but affirmed the judgment in all other respects. In determining whether prejudgment interest was appropriate, we refused to offset the amount of Passenger's award by the $960,000 payment. Instead, we found that because Passenger's initial settlement offer was $2.5 million and her award was $2.8 million, she was entitled to prejudgment interest under section 408.040. However, we stated that the trial court should, before calculating prejudgment interest, apply the $960,000 paid to Passenger before trial "to reduce the verdict in her favor so that she does not receive a windfall of interest on that amount." *Bowan v. Express Medical Transporters*, 135 S.W.3d 452, 465 (Mo.App. E.D.2004)

The trial court entered a Second Amended Judgment on August 9, 2004, which calculated prejudgment interests on the following amounts: $2.8 million from January 15, 2002 through June 25, 2002; $1.87 million from June 26, 2002 through October 3, 2002; and $1.84 million from October 4, 2002 through January 24, 2003. This appeal followed.

■ In EMT's sole point on appeal, it contends that the trial court improperly calculated prejudgment interest. In particular, it argues that the trial court departed from our directive by using three different figures to calculate interest, based on the dates when Passenger actually received payments, rather than using the specified amount of $1.84 million.

■ A trial court acting on remand under a directive from an appellate court has no power to "modify, alter, amend, or otherwise depart from the appellate mandate." *In re Marriage of Bullard*, 18 S.W.3d 134, 138 (Mo.App. E.D.2000). Yet the mandate of the appellate court is not

1. All statutory citations are to RSMo 2000 unless otherwise indicated. Section 537.065 allows a person with an unliquidated claim for damages against a tort-feasor to:

enter into a contract with such tort-feasor or any insurer in his behalf or both, whereby, in consideration of the payment of a

specified amount, the person asserting the claim agrees that in the event of a judgment, he [will not] levy execution ... except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage.

the only source upon which a trial court may rely in issuing a judgment on remand. Rather, the "mandate is not to be read and applied in a vacuum. The opinion is part of the mandate and must be used to interpret the mandate itself." *McDonald v. McDonald,* 795 S.W.2d 626, 627 (Mo.App. E.D.1990). Flexibility is necessary for trial courts, as appellate judgments are not self-executing. *Id.* at 628.

In this case, we did not allow Passenger to collect prejudgment interest on the entire award, for the entire eligibility period, because we wanted to avoid a situation where Passenger could collect interest twice on the settlement payment she received before trial. We stated that "[b]ecause Passenger could have been earning interest on the money paid to her pursuant to the section 537.065 agreement *as soon as it was in her possession,* she suffers no harm if we apply the $960,000 payment to reduce the $2.8 million verdict before determining the [prejudgment interest] (emphasis added)." *Bowan,* 135 S.W.3d at 464. Following this reasoning, before Passenger had actually received the $960,000 payment, there was no danger that she would unjustifiably receive double interest. Therefore, Passenger should still have received prejudgment interest on the yet-unpaid amount.

The trial court exercised the kind of flexibility accorded it under *McDonald.* That is, the court calculated prejudgment interest on $2.8 million for the period of time before Passenger received any part of the $960,000 award. For the time after Passenger had received $930,000, the trial court based its calculation on $1.87 million. Finally, for the period of time when Passenger had in her possession the entire $960,000, the court used $1.84 million in its calculation. Had the trial court adhered rigidly to the figure of $1.84 million, it would have largely ignored our rationale

and contemplated result, in contravention of *McDonald.* Therefore, the trial court did not err in calculating Passenger's award of prejudgment interest.

Based on the foregoing, we affirm the judgment of the trial court.

SHERRI B. SULLIVAN, J., and NANNETTE A. BAKER, J., concur.